OPINION OF THE COURT
Chief Judge Cooke.
Defendants were convicted upon a jury’s verdict of petit *225 larceny for the theft of merchandise from Macy’s Department Store. Prior to trial, the People were granted discovery of sales receipts in defendants’ possession, allegedly for the property which was the subject of the charge. At trial, these receipts were used by defense counsel in an effort to impeach prosecution witness Kitty Wills, the store detective, by seeking to create an inference that the receipts were for the items of property allegedly stolen. On the People’s rebuttal, the prosecutor recalled Ms. Wills and swore another Macy’s employee to show that the receipts actually represented purchases made after defendants had been arrested and questioned. Defendants urge on this appeal that the grant of the People’s motion for pretrial discovery was improper under the discovery statute and the Fourth and Fifth Amendments to the United States Constitution. We take a contrary view and therefore affirm.
In this State, pretrial discovery by the defense and prosecution is governed by statute, CPL article 240.[1] As applicable to this case, that article provides that upon motion of a defendant, the court must order discovery of the defendant’s Grand Jury testimony and any written or recorded statements within the possession or control of the District Attorney made by the defendant to persons engaged in law enforcement activity (CPL 240.20, subd 1). An order of discovery in favor of the defendant may be issued as a matter of discretion with respect to reports and documents concerning physical or mental examinations or scientific tests and experiments which are within the possession or control of the District Attorney (CPL 240.20, subd 2). Upon a showing that the request is reasonable and that the property is material to the preparation of the defense, discovery may also be ordered for any other property specifically designated by the defendant, except exempt property,[2] which is within the possession or control of the District Attorney (CPL 240.20, subd 3).
Discovery ordered in the court’s discretion under subdivi *226 sions 2 and 3 serves as a predicate for a prosecution motion for reciprocal discovery. Upon motion by the People showing that the request is reasonable and the property is material to the preparation of their case, the grant of the defendant’s discovery motion may be conditioned by a direction for "discovery by the people of property, other than exempt property, of the same kind or character as that authorized to be inspected by the defendant, which is within the possession, custody or control of the defendant and which he intends or is likely to produce at the trial” (CPL 240.20, subd 4). Both sides have a continuing duty to disclose property covered by a discovery order and, for a breach of that duty, the court may order the violating party to permit inspection of subsequently discovered property, grant an adjournment, preclude use of the property as evidence or take other appropriate action (CPL 240.40).
The criminal discovery procedure embodied in article 240, adopted in substance from Rule 16 of the Federal Rules of Criminal Procedure (see Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL art 240, p 466; Judicial Conference Report on the CPL, Appendix B, Mc-Kenna, Memorandum and Proposed Statute Re Discovery, McKinney’s 1974 Session Laws of New York, pp 1860, 1868), evinces a legislative determination that the trial of a criminal charge should not be a sporting event where each side remains ignorant of facts in the hands of the adversary until events unfold at trial. Broader pretrial discovery enables the defendant to make a more informed plea decision, minimizes the tactical and often unfair advantage to one side, and increases to some degree the opportunity for an accurate determination of guilt or innocence (see Notes of the Advisory Committee on the Proposed 1974 Amendment to Rule 16 of the Federal Rules of Criminal Procedure). In short, pretrial discovery by the defense and prosecution contributes substantially to the fair and effective administration of justice.[3]
Examination of the disclosure proceedings here in light of the statutory provisions and the underlying legislative policy reveals that the prosecution request was properly granted. At the first hearing on the omnibus defense motion seeking discovery and the prosecution motion for reciprocal discovery, *227 the People were directed to turn over any statements made by defendants and to provide defendants with a list of property seized. The prosecutor complied by offering a copy of the police property voucher and by stating that no other property was seized. Defense counsel also sought discovery of statements contained in an internal security report of the incident to Macy’s, prepared by the store detective, Kitty Wills. At the November 4 hearing, Judge Roth ordered the prosecutor to make the material available to the defense. The court also granted the prosecution motion for disclosure of sales receipts allegedly showing the purchase by defendants of the merchandise they were charged with stealing. Defense counsel had informed the prosecution of the existence of these sales receipts but had refused to permit inspection. Defense counsel objected, arguing that there was no predicate for reciprocal discovery as disclosure of defendants’ statements was mandatory and the request for the Kitty Wills memorandum was for material favorable to the defense under Brady v Maryland (373 US 83), not the discovery provisions.
Contrary to defendants’ assertion, the then applicable statutory prerequisites for reciprocal discovery were present. True, the request by defendants for disclosure of their written or recorded statements cannot serve as the predicate for discovery by the prosecution, for disclosure of such material is available to the defense as of right (CPL 240.20, subd 1, par [b]).[4] The grant of defendants’ request for the Wills memorandum, however, did provide a foundation sufficient to permit discovery by the prosecution. Defendants have pointed to nothing to indicate how the memorandum can be considered Brady material or subject to the mandatory disclosure provisions of article 240.[5]
Also rejected is defendants’ argument that disclosure of the *228 sales receipts was improperly directed because they were not property "of the same kind or character as that authorized to be inspected by the defendant” (CPL 240.20, subd 4). Notwithstanding the protests to the contrary, an adequate relationship exists between the request for the receipts and defendants’ request for the memorandum from the security officer. In opposing disclosure, defendants apparently seek to limit the availability of prosecution discovery to items which are the mirror image of items directed to be disclosed to the defendants. The statutory requirement, however, should not be so narrowly construed. Of course, the prosecution’s right to discovery is not an independent right, being triggered only by a defense request for discretionary discovery and restricted to like property.[6] *8 But this restriction does not demand identity of requests (see People v Catti, 90 Misc 2d 409; People v Green, 83 Misc 2d 583). To so construe the statute would defeat unnecessarily the legislative design to increase the availability of information to both sides. Consistent with both the purpose to expand discovery rights and the notion that prosecution discovery is merely reciprocal, it is sufficient if the material sought by the prosecution is of the same general character as that sought by the defendant and touches the same subject matter.
Having concluded that the People’s discovery was proper under the statute, we reach and reject defendants’ constitutional assault upon the grant of the People’s motion here. Of course, in authorizing disclosure in favor of the People, care must be taken not to impinge upon the criminal defendant’s right not to be compelled to be a witness against himself. This Fifth Amendment privilege proscribes only testimonial compulsion, not that which merely makes a person the source of real or physical evidence (People v Thomas, 46 NY2d 100, app dsmd 444 US 891; Schmerber v California, 384 US 757). In this case, there has been no compelled testimonial disclosure in violation of the privilege.
The act of complying with a demand to produce specified evidence has communicative aspects, involving the tacit repre *229 sentation by the individual of the existence of the item, its possession by him and his belief that the item produced is that sought in the demand (see Schmerber y California, 384 US 757, 764, supra; Curcio v United States, 354 US 118, 125; 8 Wigmore, Evidence [McNaughton rev], § 2264, p 380). Whether such representation is testimonial or incriminating in the constitutional sense may turn on the particular facts and circumstances presented (see Fisher v United States, 425 US 391, 410). No testimony is procured through production where the item sought is a document prepared by another, containing no "testimonial declarations” of the accused, and its existence and the fact of its possessions are known to the prosecution (id., at p 411 [accountant’s workpapers concerning taxpayer’s business records]). And, where testimony from other sources authenticates the item for introduction against the defendant, then the communication resulting from compliance with a production demand poses an insubstantial threat of self incrimination and is without constitutional significance (id., at p 413). Of course, production of an accused’s purely private papers may not be compelled, for there the State extracts testimonial disclosure, invading the "private inner sanctum of individual feeling and thought” (Couch v United States, 409 US 322, 327) that the Fifth Amendment was designed to protect.
In this case, there was no request for purely private papers. A simple request for sales receipts from Macy’s would not involve testimonial compulsion. The receipts were prepared by the department store in the normal course of business and the People, through defense counsel, were aware of their existence. Authentication also comes from a source other than defendants. True, the People’s demand here went beyond such a request, identifying the receipts as those allegedly showing the actual purchase of the merchandise defendants were accused of stealing. And by production defendants tacitly represented that they purchased the property and their belief that the receipts show the purchase. But by this assertion, defendants did not give evidence of a testimonial or communicative nature for purposes of the Fifth Amendment.
That the defendant may be required to disclose his defense prior to trial does not render the discovery scheme invalid, for "[n]othing in the Fifth Amendment privilege entitles a defendant as a matter of constitutional right to await the end of the State’s case before announcing the nature of his defense” *230 (Williams v Florida, 399 US 78, 85; see, also, Traynor, Ground Lost and Found in Criminal Discovery, 39 NYU L Rev 228, 248-249). Like the notice-of-alibi rule upheld in Williams, the procedure employed in this case involved no compulsion violative of the Fifth Amendment, for defendants were directed only to accelerate disclosure of information which they apparently intended to disclose at trial (see Williams v Florida, supra, at p 85; Jones v Superior Ct., 58 Cal 2d 56 [Traynor, J.j). It was only after the defense made use of the receipts in cross-examination of Ms. Wills that the prosecution took advantage of the pretrial disclosure and then only to rebut the impression conveyed that the receipts represented the purchase of the items allegedly stolen.
None of this means that the State may require a defendant to lay bare his defense, purporting to advance the search for truth, yet at the same time shield its own evidence from discovery (see Wardius v Oregon, 412 US 470, 475).[7] But, in an effort to further the ends of justice and enhance "the fairness of the adversary system”, the States are free to experiment "with systems of broad discovery designed to achieve these goals” (id., at p 474). Article 240 represents one such effort. In the circumstances of this case, no violation of defendants’ statutory or constitutional rights occurred.
Accordingly, the order of the Appellate Term should be affirmed.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed.

. CPL article 240 was recently repealed and new article 240 was added, effective January 1, 1980 (L 1979, ch 412). Unless otherwise indicated, statutory references are to the pre-1980 article. Article 240 as originally enacted retains force for cases commenced prior to the effective date of the new legislation (see L 1979, ch 412, § 4).

. Property which is exempt from discovery consists of "(a) reports, memoranda or other internal documents or work papers made by district attorneys, police officers or other law enforcement agents, or by a defendant or his attorneys or agents, in connection with the investigation, prosecution or defense of a criminal action, and (b) records of statements made to such parties, attorneys or agents by witnesses or prospective witnesses in the case” (CPL 240.10, subd 3).

. We recognize that in some cases discovery may be constitutionally required (see People v Iannone, 45 NY2d 589, 596-600).

. We also reject the argument that the grant of defendants’ request for all statements made to persons engaged in law enforcement activity, including oral statements, was a predicate for the People’s reciprocal rights. The statutory requirement of notification of an intention to offer at trial evidence of statements made by a defendant (CPL 710.30) militates in favor of mandatory disclosure of oral statements (see People v Spruill, 47 NY2d 869; People v Briggs, 38 NY2d 319; People v Utley, 77 Misc 2d 86).

. Defendants may not rely on the purported withdrawal of their motion for discovery to render improper the direction for reciprocal discovery. The equivocal withdrawal of the request for the Wills memorandum, with the mere characterization of it as property discoverable as of right as Brady material, without more, does not preclude a request for reciprocal discovery.

. The prosecution’s right to reciprocal discovery is not defeated merely because compliance with an order granting a defense motion for discovery simply informs the defendant that the People do not have either the information or property which is the subject of the request or that it does not exist. In such a situation, the defendant does receive the benefits of discovery, gaining knowlege of the extent of the State’s case and having available the enforcement mechanisms for discovery.

. The denial of defendants’ request for a list of all Macy’s employees working on the day of the crime does not justify characterizing the procedures here as "maintaining 'poker game’ secrecy” for the State (Wardius v Oregon, 412 US 470, 475, supra).