OPINION OF THE COURT
Robert P. Kennedy, J.
Defendant has been indicted for the crimes of rape in the first degree and sodomy in the first degree. The People in their reply to defendant’s omnibus motion have moved pursuant to CPL 240.40 (subd 2, par [b], cl [v]) “for an order compelling the defendant to submit to the taking of a blood sample. This request is made to enable the police laboratory to perform tests upon the victim’s clothing for comparison purposes. In addition, the People move this court for an order compelling the defendant to submit to the taking of samples of pubic hair and saliva. These samples will also be used for comparison purposes”. The *216 foregoing, enclosed in quotation marks, constitute the People’s complete motion.
CPL 240.40, added by the Laws of 1979, sets forth three general categories of items that may be obtained by discovery upon court order: (1) material not obtained upon demand either by defendant (CPL 240.20) or by the People (CPL 240.30); (2) property not obtainable by demand either by defendant or the People, and (3) nontestimonial evidence to be given by the defendant.
The People’s rights under category (2) are conditioned upon the granting of defendant’s motion for discovery of property of the same kind or character. Although decided prior to the amendments to article 240, People v Copicotto (50 NY2d 222) will still apply to discovery under this category.
Since all parts of this statute must be construed together in attempting to ascertain the Legislature’s intentions (McKinney’s Cons Laws of NY, Book 1, Statutes, § 97) note should be given to the words used. The first category speaks of “material”; the second, “property” and only the third speaks of “evidence”, evidence to be given by the defendant. The court must order discovery of material in category (1) if it finds either the defendant’s or People’s refusal to disclose was not justified. It may order discovery of property in category (2) if it finds that such property is material to the preparation of the case and that the request is reasonable.
Only when we come to category (3) where the defendant can be ordered to provide evidence did the Legislature fail to set forth any conditions or provisos for the granting of such a motion. CPL 240.40 (subd 2, par [b]) merely says “may order defendant to provide non-testimonial evidence”. Did the Legislature intend such? Again, we must assume that it did (McKinney’s Cons Laws of NY, Book 1, § 74). Such would tend to support the People’s argument that discovery of evidence under category (3) is theirs for the asking. In his Practice Commentary to section 240.40 (McKinney’s Cons Law of NY, Book 11 A, 1972-1979 Supp Pamphlet, p 293), Professor Bellacosa doesn’t agree. He says, “It would seem additionally prudent that the per *217 missive atmosphere pervading this latter list of prosecutor’s goodies be circumscribed by a showing to the court by a prosecutor of special need or justification.”
I agree with Professor Bellacosa and hold that not only would such be prudent, but that such a showing is required. Under categories (2) and (3) discovery may be ordered. Discovery under both categories is, therefore, discretionary. Discretion of court is defined, in part, in Ballentine’s Law Dictionary (3d ed, p 354) : “The sound choosing by the court, subject to the guidance of the law, between doing or not doing a thing, the doing of which cannot be demanded as an absolute right.”
Obviously, discretion cannot be exercised in a vacuum, there must be something upon which the court bases its decision to grant or deny the relief requested. Had the Legislature intended that the evidence which could be given to the prosecutor was his for the asking, they would have used the word “must” and not “may”. The Arizona Legislature did so in enacting a statute providing for discovery of the evidence outlined in our CPL 240.20 (subd 2, par [b]). Subdivision a of rule 15.2 of the Arizona Rules of Criminal Procedure says merely “upon written request of the prosecutor, the defendant shall”. The comment to that section says, in part, “the prosecutor need make no showing of cause, nor obtain any court order, to become entitled to the ‘non-testimonial’ disclosures specified”.
In Schmerber v California (384 US 757, 770), relating to the taking of blood from defendant for test purposes, the court said, “Search warrants are ordinarily required for searches of dwellings, and, absent an emergency, no less could be required where intrusions into the human body are concerned.” How does the order authorized by CPL 240.40 (subd 2, par [b], cl [v]) differ from the issuance of a search warrant. No one would issue a search warrant on the allegations contained in the People’s moving papers. Surely, therefore, the Legislature could not have intended that discovery under paragraph (b) of subdivision 2 was to be granted except on a showing of reasonable grounds for such.
In Matter of Barber v Rubin (72 AD 2d 347, 352) the *218 court said, “Before an individual may be compelled to submit to an examination or a test of his body, the results of which may be used in the investigation or prosecution of a criminal offense, probable cause for the necessity of the procedure proposed must be demonstrated [citations omitted] The court then set out what was produced to establish probable cause. Although the matter before that court arose before the amendment, to article 240, its reasoning is still applicable under the amended statute.
As to the constitutional issues involved in United States v Dionisio (410 US 1, 8-9) the court said, “As the Court made clear in Schmerber, supra, the obtaining of physical evidence from a person involves a potential Fourth Amendment violation at two different levels — the ‘seizure’ of the ‘person’ necessary to bring him into contact with government agents, see Davis v. Mississippi, 394 U. S. 721, and the subsequent search for and seizure of the evidence. In Schmerber, we found the initial seizure of the accused justified as a lawful arrest, and the subsequent seizure of the blood sample from his body reasonable in light of the exigent circumstances.”
In the matter before me I find that although the first “level” of the probable cause was established by the return of the indictment charging defendant with these crimes, the second “level” has not been established. The People’s motions are, therefore, denied for both statutory and constitutional reasons.