(February 4, 1981)

■ In the Matter of JAMES E. MULVANEY, Petitioner, v BERNARD DUBIN, as Justice of the Supreme Court, Queens County, Respondent. — Proceeding pursuant to CPLR article 78 to prohibit respondent from enforcing his order dated September 26, 1980, in a criminal prosecution entitled *"People* v *Joseph Johns"* (Queens County Ind No. 10/80), directing petitioner, as defense counsel, to obtain a written report of any and all mental examinations of his client, and to serve copies thereof upon the District Attorney, Queens County. Petition granted, on the law, without costs or disbursements, and respondent is prohibited from enforcing the order dated September 26, 1980. Petitioner is defense counsel in the criminal proceeding entitled *"People* v *Joseph Johns"*, in which the statutory defense of mental disease or defect has been interposed (Penal Law, § 30.05). At counsel's request, a psychiatrist appointed pursuant to article 18-B of the County Law (see County Law, § 722-c) examined the defendant and, contrary to his normal practice, reported his findings to defense counsel orally rather than in writing. The People thereupon demanded that they be furnished with a copy of a *written* report prior to the examination of the defendant by their psychiatric expert, and, upon defense counsel's refusal to direct his expert to prepare such a report, were successful in procuring an order compelling defendant's attorney to secure and turn over to the District Attorney a written report from defendant's court-appointed psychiatrist. We agree with petitioner that the challenged order involves the defendant's rights in a manner remediable through the extraordinary writ of prohibition (see *Matter of Lee v County Ct. of Erie County,* 27 NY2d 432). As the Court of Appeals noted in *Matter of Jaffe v Scheinman* (47 NY2d 188, 192), "prohibition may [also] issue, in the discretion of the court, ' "to restrain an inferior court from exceeding its authorized powers in a proceeding over which it has jurisdiction [citations omitted]" ' ". In exercising our discretion here we note not only the possible implication of certain of the defendant's fundamental constitutional rights and the practical necessity of securing expert psychiatric testimony for the maintenance of a successful defense of mental disease or defect (see *Matter of Lee v County Ct. of Erie County, supra),* but that the maintenance of the instant proceeding will not result in the interruption of any ongoing trial (cf. *Matter of Aurnou v Leggett,* 79 AD2d 623) and will furnish a more effective remedy than will an appeal from any resulting conviction (see *Matter of Lee v County Ct. of Erie County, supra,* p 437). Turning to the merits, petitioner's argument in support of the writ is that the challenged order exceeds the grant of power under the new "Discovery" article (art 240) of the CPL (added L 1979, ch 412, eff Jan. 1, 1980), and that the article must be strictly construed since it is in derogation of the common law (which did not permit of the pretrial disclosure of *potential* witnesses' statements). We agree. Not only does the definitional section of the article (CPL 240.10, subd 3) limit the definition of discoverable "property" to *"existing tangible* personal or real property", but the specific provision dealing with mental examinations refers only to *"any written"* reports or documents (CPL 240.30, subd 1), and, with tautological emphasis, imposes a duty upon the

defendant merely to reveal "such property *** where it exists" (CPL 240.30, subd 2; emphasis supplied).* Thus, there is no statutory authorization for a court to direct the reduction of an unrecorded report or statement by a potential defense expert to tangible, and, therefore, discoverable, form (see Bellacosa, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 240.30, 1972-1980 Supplementary Pamphlet, pp 318-319; cf. CPL 250.10, subd 4). In opposition, the People maintain that both the former and present article 240 were modeled upon rule 16 of the Federal Rules of Criminal Procedure [US Code, tit 18, Appendix], and that the latter has been construed in at least one instance (see *United States v Hearst,* 412 F Supp 863) to permit the granting of such relief (see, also, *Matter of Serra,* 484 F2d 947). The language of that rule, however, differs materially from the language of CPL 240.30. Subdivisions (a) (par [1], cl [D]) and (b) (par [1]) of the Federal rule permit the court, *inter alia,* to enforce the right of either side to discover "[the] *results* *** [of any] physical or mental examinations" (emphasis supplied), without specifically providing (as in New York) that the "results" be reduced to tangible (i.e., written) form before becoming discoverable (cf. CPL 240.30, subd 1). Moreover, neither *United States v Hearst (supra)* nor *Matter of Serra (supra)* is binding upon this court. We also reject the further contention that the order may be sustained as an exercise of the court's "inherent" power to direct the discovery of matters not encompassed within the present discovery article, as the latter represents the most recent recodification of New York's limited pretrial disclosure practice in criminal cases. It is true, of course, that under the earlier version of article 240 some courts at nisi prius have, in the absence of any express statutory authority, directed, e.g., the advance disclosure of the identity of intended witnesses (see *People v Green,* 83 Misc 2d 583; see, also, *Matter of Vergari v Kendall,* 76 Misc 2d 848, affd 46 AD2d 679; cf. *People v Andre W.,* 44 NY2d 179, 186, n), and the production of certain types of physical evidence, such as handwriting exemplars (see *Matter of Special Prosecutor [Onondaga County] v Anonymous,* 95 Misc 2d 298, 303-305, and cases cited therein; cf. present CPL 240.40, subd 2, par [vi]). Nevertheless, such decisions, typically involving the existence of special circumstances not even alleged in the case at bar, cannot, in our view, justify a discovery order which does violence to the clear statutory proscription limiting available disclosure to *written* reports or documents *where they exist* (CPL 240.30). We are particularly reluctant to gloss over this distinction in view of the fact that the present article 240 was only recently enacted and constitutes a significantly more restrictive discovery article than the draft proposed by the Judicial Conference Report on the Criminal Procedure Law (2 McKinney's Session Laws of NY, 1974, p 1827 *et seq.,* appendix "B", p 1860 *et seq.).* Finally, we note that no significance can attach to the fact that the psychiatrist who had examined the defendant had been appointed pursuant to article 18-B of the County Law. Section 722-c provides for the rendition, at public expense, of certain essential services as an adjunct to a

---

* References herein to CPL 240.30 are to the provisions of that statute as it existed prior to the amendment of subdivision 1 by chapter 220 of the Laws of 1980 (eff June 10, 1980). As the instant prosecution was commenced prior to the effective date of the 1980 amendment, the preamendment version of the statute retains force in the case at bar (see *People v Copicotto,* 50 NY2d 222, 225, n 1), although it should, perhaps, be noted that under the *amended* version of the statute, apparently the information sought by the People would in no event be discoverable prior to the defendant's determination to offer the testimony of his psychiatric expert at trial (see CPL 240.30, subd 1, as amd by L 1980, ch 220).

defendant's constitutional right to the effective assistance of counsel, and therefore no restriction upon the exercise of this fundamental right (e.g., by deeming the psychiatrist to be the court's witness rather than defendant's) can be drawn from the fact of public funding. Mangano, J. P., Gibbons, Gulotta and O'Connor, JJ., concur.