opinion of the court
Allan L. Winick, J.
On September 14,1982 the People sent a letter to defendant’s counsel, Kenneth Doonan, Esq., making formal demand pursuant to CPL 240.30 (subd 1) for reports of documents, more particularly photographs and reports concerning the scene of the crime.
The defendant, having received this formal demand, failed to follow the provisions of CPL 240.35 and did not timely refuse the demand in writing, which writing should have set forth the reasons for the defendant’s refusal for disclosing the information demanded. The refusal was only served on the day the trial was started. The section also requires that a copy of the refusal be filed with the court.
As a result of this the prosecution felt there was no reason, as provided under CPL 240.40, to make a motion ordering the discovery demanded in the letter of September 14, 1982.
The means of accomplishing compliance with the demand is triggered by the refusal, and the failure of the *270 People to make a motion to compel the defendant to comply with the demand is not fatal to the People’s right to the information demanded.
The court, however, must consider whether or not this failure to follow the provisions outlining the procedure to be followed now compels the court to direct the defendant to comply with the demand even if the People would not have been entitled to the discovery had the formalities of the statute been complied with. In other words, the question is if the information demanded by the prosecution pursuant to CPL 240.30 (subd 1) was information to which the People would not have been entitled had the defendant refused to comply with the demand pursuant to CPL 240.35, does the defendant’s failure to comply with the section now entitle the People to the information which otherwise they would not have been entitled.
In the case of People v Copicotto (50 NY2d 222, 228), the Court of Appeals stated: “Of course, the prosecution’s right to discovery is not an independent right, being triggered only by a defense request for discretionary discovery and restricted to like property.”
It is apparent from the defendant’s omnibus motion for várious relief that the defendant did demand discovery of like or similar items. The demand was for discovery of all police reports including laboratory tests. The broad language used by defendant, “police reports”, which was later particularized in his “Notice of Motion” to obtain a subpoena duces tecum attached to the motion for omnibus relief, encompasses the very type of information now requested and demanded by the People.
Under the circumstances, before the court will direct that the defendant turn over to the People any such report or photograph, the court will inspect such report and photograph to determine how it is relevant to the subject matters covered by “police reports” in terms particularized by the defendant. If it is similar in nature to a report which the police might have prepared within the scientific laboratory section of the police department, then the court will direct the defendant to turn such material over to the People. If not, the demand will be denied. As the Court of *271 Appeals also said in People v Copicotto (supra, p 226): “The criminal discovery procedure embodied in article 240, adopted in substance from Rule 16 of the Federal Rules of Criminal Procedure * * * evinces a legislative determination that the trial of a criminal charge should not be a sporting event where each side remains ignorant of facts in the hands of the adversary until events unfold at trial. Broader pretrial discovery enables the defendant to make a more informed plea decision, minimizes the tactical and often unfair advantage to one side, and increases to some degree the opportunity for an accurate determination of guilt or innocence * * * In short, pretrial discovery by the defense and prosecution contributes substantially to the fair and effective administration of justice.”