OPINION OF THE COURT
David O. Boehm, J.
The issue presented on this motion is whether a court order is required to obtain pubic hair samples from a rape suspect prior to the commencement of any formal adversarial proceedings.
CPL 240.40 governs discovery upon a court order. CPL 240.40 (subd 2) provides in pertinent part:
“Upon motion of the prosecutor, and subject to constitutional limitation, the court in which an indictment, superior court information, prosecutor’s information or information is pending * * *
“(b) may order the defendant to provide nontestimonial evidence. Such order may, among other things, require the defendant to * * *
“(v) Permit the taking of samples of blood, hair or other materials from his body in a manner not involving an unreasonable intrusion thereof or a risk of serious physical injury thereto”.
On its face, CPL 240.40 appears to govern the exchange of evidence only after formal criminal proceedings have commenced, and not warrantless searches undertaken during the process of investigation.
Recently, however (in People v Moselle, 57 NY2d 97), the Court of Appeals expressly rejected the argument that CPL 240.40 was intended to address no more than discovery in *91 the course of an ongoing criminal proceeding. That argument, stated the court, is dispelled by the last sentence of subdivision 2: “This subdivision shall not be construed to limit, expand, or otherwise affect the issuance of a similar court order, as may be authorized by law, before the filing of an accusatory instrument consistent with such rights as the defendant may derive from the constitution of this state or of the United States.” (See People v Moselle, supra, p 110, n 4.)
In Matter of A. (56 NY2d 288) the Court of Appeals noted that the CPL does not expressly authorize New York courts to compel a person who is no more than a suspect to supply nontestimonial evidence (56 NY2d, at pp 293-294). The court recognized, however, that equivalent judicial authority may be exercised under a court’s power to issue a search warrant (56 NY2d, at p 294). CPL 690.05 (subd 2) authorizes, upon the issuance of a search warrant, the search of a person in order to seize designated property which, as defined in CPL 690.10 (subd 4), “[cjonstitutes evidence or tends to demonstrate * * * that a particular person participated in the commission of an offense.”
In Matter of Barber v Rubin (72 AD2d 347, 352), a case which involved a court order to extract hairs from a defendant’s head, the court said, “Before an individual may be compelled to submit to an examination or a test of his body, the results of which may be used in the investigation or prosecution of a criminal offense, probable cause for the necessity of the procedure proposed must be demonstrated”. (See, also, People v Handley, 105 Misc 2d 215, 217-218.)
More recently, the Court of Appeals also expressed concern for an individual’s right to be free from government intrusion when it held that a court order to obtain a blood sample from a homicide suspect may issue prior to the filing of an accusatory instrument provided the issuing court finds there is “(1) probable cause to believe the suspect has committed the crime, (2) a ‘clear indication’ that relevant material evidence will be found, and (3) the method used to secure it is safe and reliable.” (Matter of A., supra, p 291.)
*92 In the case of pubic hair, there do not exist the exigent circumstances which the Court of Appeals in Moselle found insufficient to warrant the taking of a blood sample without a court order. Yet, the nature of the intrusion, although perhaps without pain, is at least as great, and a similar impartial review is required to determine its propriety. Therefore, the defendant’s motion to suppress the use of such evidence is granted.