OPINION OF THE COURT
Peter P. Rosato, J.
Under the above-noted indictment, the defendants[1] stand charged with a single count of criminal possession of stolen property, first degree. By way of omnibus motion, defendant Robert Minor now moves for various items of relief.

Names of Witnesses.

As to names of witnesses, the court would take this opportunity to re-examine the practice, which this court has itself followed up to now, of routinely denying requests for names of witnesses under the authority of People v Lynch (23 NY2d 262). While the Court of Appeals there sustained the trial court’s refusal to disclose the names, the court also pointed out that such a request was properly denied as a matter of discretion. (See People v Lynch, supra, at pp 271, 272.) Some 10 years later, the court in *352 People v Andre W. (44 NY2d 179, 186, n) noted that the “lower courts have divided” on this very issue,[2] and citing their own prior decision in Lynch (supra), chose not to rule at that time on the question of discovery of names of witnesses.
However, much has happened in the criminal law since Lynch (supra) was decided 15 years ago, and for that matter, since the nonruling in Andre W. (supra) five years ago. Effective January 1, 1980, the Legislature enacted new discovery provisions, CPL article 240 (L 1980, ch 412), which, as noted in the accompanying Practice Commentaries, were intended to “amplify” disclosure and to curtail the “gamesmanship aspect” of the adversarial, truth-seeking process. Significantly, in commenting on the former CPL article 240, i.e., the more restrictive pre-1980 article, the Court of Appeals in People v Copicotto (50 NY2d 222) clearly signaled their full encouragement to a policy of expanded pretrial discovery. The court in Copicotto stated (p 226): “The criminal discovery procedure embodied in article 240, adopted in substance from Rule 16 of the Federal Rules of Criminal Procedure (see Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL art 240, p 466; Judicial Conference Report on the CPL, Appendix B, McKenna, Memorandum and Proposed Statute Re Discovery, McKinney’s 1974 Session Laws of New York, pp 1860,1868), evinces a legislative determination that the trial of a criminal charge should not be a sporting event where each side remains ignorant of facts in the hands of the adversary until events unfold at trial. Broader pretrial discovery enables the defendant to make a more informed plea decision, minimizes the tactical and often unfair advantage to one side, and increases to some degree the opportunity for an accurate determination of guilt or innocence (see Notes of the Advisory Committee on the Proposed 1974 Amendment to Rule 16 of the Federal *353 Rules of Criminal Procedure). In short, pretrial discovery by the defense and prosecution contributes substantially to the fair and effective administration of justice.” (And see People v Copicotto, supra, at p 228.)
Since Copicotto (supra) was decided, we not only have, of course, the new, more expansive discovery article contained in CPL article 240, we also have, effective October 22,1982, as an adjunct, a broader, revamped bill of particulars section contained at CPL 200.95. In his Practice Commentary to this latter section (McKinney’s Cons Laws of NY, Book 11 A, p 547) the Honorable Joseph Bellacosa characterizes it as “such a healthy, salutary breath of fresh air that one can only hope that the spirit of the change will be met.” He goes on to note (p 547) that: “The Governor’s Approval Memorandum No. 51 issued upon his signing this legislation, gives impetus to that spirit by asserting the measure is ‘for a simplified and expanded exchange of information’; Tor an increase’ in exchanged data before trial without court involvement; and for improvement of The adversarial truth seeking process’ (emphasis added). Bravo, and let’s hope so and make it so!”
It is evident then that much has happened in the 15 years since Lynch (supra) was decided. Accordingly, in an effort to comply with the recent changes in the discovery statutes as noted above, this court would grant the defendant’s request for the names of the People’s witnesses. At the same time, however, the court is well aware that legitimate needs of law enforcement may sometimes call for maintaining the confidentiality of a particular witness’ name. In this or any other case, therefore, this court will entertain, in camera if necessary, a request for a protective order concerning the disclosure of the name of a particular witness, pursuant to CPL 240.50. That is, in support of such an application, the People must demonstrate some legitimate “good cause,” which may include, inter alia, “constitutional limitations, danger to the integrity of physical evidence or a substantial risk of physical harm, intimidation, economic reprisal, bribery or unjustified annoyance or embarrassment to any person or an adverse effect upon the legitimate needs of law enforcement, including the protection of the confidentiality of informants, or any other *354 factor or set of factors which outweighs the usefulness of the discovery.” (CPL 240.50, subd 1.)
Nothing in this ruling is meant to alter the existing practice of denying disclosure of the addresses of witnesses.
[Portions of opinion omitted for purposes of publication.]
(On Reargument April 25, 1983)
The People move for reargument of that portion of the court’s prior decision and order in the instant case dated March 7, 1983 whereby the court directed pretrial disclosure of the names of the People’s witnesses. The court has granted the People’s request to reargue the motion, and upon hearing their additional arguments, the court will adhere to its original ruling insofar as names of witnesses are concerned. In so doing, however, the court will take this opportunity to address certain of the additional points now raised by the People.
First, by way of historical background, prior to the implementation of the current CPL article 240, the issue of disclosure of names of witnesses was expressly left unresolved in People v Andre W. (44 NY2d 179, 186, n), the court there having acknowledged that the lower court cases were in conflict as to this issue. Against this rather unsettled backdrop, the People continue to insist that the oft-cited case of Matter of Vergari v Kendall (76 Misc 2d 848 [Beisheim, J.], affd 46 AD2d 679), is clear authority for what they refer to as the “recognized routine practice in Westchester County” to deny pretrial disclosure. However, the People overlook the fact that in Matter of Vergari v Kendall (supra, at p 856), Justice Beisheim, on constraint of Matter of Aspland v Judges of County Ct. of County of Suffolk (42 AD2d 930), acknowledged reluctantly that he had no authority to grant an order prohibiting the respondent City Court Judge from directing the People to furnish names and addresses of the People’s witnesses.
Equally dubious, perhaps, is the argument advanced by the People in connection with the revamped CPL article 240, effective January 1, 1980. The People quote with approval the first sentence of the Practice Commentary to CPL 240.10 (McKinney’s Cons Laws of NY, Book 11 A) wherein the Honorable Joseph Bellacosa states, “[t]his is *355 the definitional section for New York’s recent Reciprocal Discovery of Property Law. The emphasis at the outset is on property, as this is not a witness or persons disclosure device”. Understandably, the People cite this commentary as support for their position. They fail to note, however, that in the very next sentence, Mr. Bellacosa goes on to point out that, “[t]his must be distinguished from the nonstatutorily created rights of disclosure especially of informant or exculpatory witnesses” (emphasis added), citing, inter alia, the case of People v Andre W. (supra).
Omitting the latter reference to nonstatutory disclosure takes on even greater significance when one considers the arguments advanced by the People in relation to the case of Matter of Mulvaney v Dubin (80 AD2d 566, revd 55 NY2d 668, on the limited procedural ground that a CPLR article 78 proceeding did not lie). This court can certainly understand the conclusion there reached by the Second Department (p 567) that, as a matter of statutory construction, CPL 240.30, as it existed prior to the amendment effective June 10, 1980, and insofar as it required a defendant to turn over written reports or documents where such property exists, provided no basis “for a court to direct the reduction of an unrecorded report or statement by a potential defense expert to tangible, and therefore, discoverable, form”. Accordingly, the Second Department granted the article 78 application brought on by petitioner, as defense counsel, prohibiting respondent from enforcing his order whereby petitioner was to have obtained a written report of any and all mental examinations of his client and to turn such reports over to the People. In effect, the order of the lower court had directed defense counsel to obtain written examination reports where none had previously existed, apparently in clear derogation of the statute. The People correctly point out that the Mulvaney court, in prohibiting enforcement of such an order, noted in dicta (p 567) that under the former CPL article 240, certain of the lower courts had, “in the absence of any express statutory authority, directed, e.g., the advance disclosure of the identity of intended witnesses * * * and the production of certain types of physical evidence, such as handwriting exemplars”. Continuing on, the Second Department stated (p *356 567) that such decisions typically involved “special circumstances” and that the present article 240, constituting a “significantly more restrictive discovery article than the draft proposed by the Judicial Conference Report on the [CPL]” must be “strictly construed” (p 566).
The People refer to the above-quoted dicta in Mulvaney (supra) as authority for the proposition that such a strict construction of CPL article 240 renders nil any and all discretionary authority to order disclosure outside of and independent from the statute. This court does not agree. Quite to the contrary, this court understands the Mulvaney court to be saying, in effect, that they do recognize that a parallel but separate nonstatutory right of discovery has been carved out by case law, including, inter alia, the afore-mentioned case of Matter of Vergari v Kendall (supra). However, given the clear language of CPL 240.30 (subd 1), specifically limiting discovery to any written reports, the Second Department, quite properly it would seem, held that those cases permitting nonstatutory disclosure nonetheless provided no basis to disregard such a clear-cut and express statutory limitation.
In short, this court does not concur with the People that Mulvaney (supra), by inference, signals a flat-out rejection of the request for pretrial disclosure of names of witnesses. Quite to the contrary, the Mulvaney court footnotes to the case of People v Copicotto (50 NY2d 222), which also dealt with the version of CPL 240.30 in existence prior to the June 10, 1980 amendment. As this court noted in its original ruling, a. unanimous Court of Appeals, per opinion of Chief Judge Cooke, stated in Copicotto (p 226) that, “[t]he criminal discovery procedure embodied in article 240, adopted in substance from Rule 16 of the Federal Rules of Criminal Procedure * * * evinces a legislative determination that the trial of a criminal charge should not be a sporting event where each side remains ignorant of facts in the hands of the adversary until events unfold at trial * * * In short, pretrial discovery by the defense and prosecution contributes substantially to the fair and effective administration of justice.”
Accordingly, given the clear thrust of Copicotto (supra), this court will adhere to its original ruling as to the names *357 of witnesses, particularly on the facts of the instant case where the People represent that the defendant is already aware of the names of “all important witnesses.” Given that posture, then, this would seem to be the least likely type of case for refusing discovery since the People lack any basis upon which to argue that any identities need to be protected. However, the court would re-emphasize that in a proper case, it will entertain application for a protective order pursuant to CPL 240.50, and the court certainly recognizes that the legitimate needs of law enforcement may sometimes require such an order. Thus, the court, having heard additional arguments raised by the People on reargument, will adhere to its prior decision and direct disclosure of the People’s witnesses; that is to say, the People are to disclose the names of all witnesses of whom they are presently aware and who they intend to call at trial, with the understanding that they are under a continuing duty to disclose the names of any additional witnesses they may wish to call at trial as such names become known to them.
One final caveat. It is apparent to this court that certain of the cases examined on reargument involve disclosure of the names and addresses of the People’s witnesses. (See Matter of Aspland v Judges of County Ct. of County of Suffolk, supra; Matter of Vergari v Kendall, supra.) Accordingly, this court would vacate so much of its prior decision and order as denied disclosure of addresses of witnesses, and would hereby grant such disclosure, subject to an appropriate request for a protective order as the need may arise.

. The court has before it only those motion papers filed on behalf of defendant, Robert Minor.

. It is interesting to note that even in Matter of Vergari v Kendall (76 Misc 2d 848) where Justice Beisheim indorsed the “general rule” adhered to by the County Court Judges of this county denying such disclosure, he ultimately, albeit reluctantly, denied the People’s application to prohibit the City Court Judge from ordering such disclosure, acknowledging that such order was discretionary and therefore not subject to prohibition.