■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHOVIS BROWN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Turner, J.), rendered December 20, 1985, convicting him of petit

larceny and criminal trespass in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal the defendant challenges the admission into evidence of the testimony of a prosecution witness whose identity was disclosed to the defense only a few days before he testified at trial. In response to the defendant's omnibus motion, the court had ordered the People to turn over a list of potential witnesses in conformance with *People v Minor* (118 Misc 2d 351; *see also, People v Copicotto,* 50 NY2d 222). In compliance therewith, the People turned over the list three days before trial. However, the list did not contain the name of the subject witness. During the trial, for the first time, the People became aware of the identity of the subject witness and immediately revealed his name to the court and the defendant. Under these facts, the People met their continuing duty to promptly disclose discoverable material *(see,* CPL 240.60). We therefore find that the court did not err in denying the defendant's motion to preclude this witness's testimony.

Finally, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.