■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP P. HELLER, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered October 16, 1990, convicting him of murder in the second degree (four counts) and arson in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that trial court properly exercised its discretion in denying the defendant's motion for the preclusion of the People's witnesses *(see, e.g., People v Castillo,* 178 AD2d 113, 115-116). Defense counsel was afforded ample opportunity to explain the manner in which his client had been prejudiced by the People's failure to deliver these witnesses' arson reports in a timely manner. His explanation in this regard, however, was both unconvincing and unsupportable. Furthermore, the trial court properly fashioned an appropriate sanction for the late delivery of the witnesses' reports which fully protected the defendant's rights *(see,* CPL 240.70; *People v Brock,* 143 AD2d 678).

We further find that the trial court's denial of the defendant's motion for a continuance to procure the services of an expert arson witness was proper in all respects *(see, People v Rodriguez,* 188 AD2d 444; *People v Spears,* 64 NY2d 698, 699). Defense counsel was unable to identify the potential witness and failed to exercise due diligence in his attempts to procure such witness *(People v Hernandez,* 146 AD2d 646). In any event, the record indicates that despite the trial court's denial of this motion, defense counsel succeeded in procuring an expert arson witness merely two days after such denial, thus alleviating any possible prejudice.

The defendant's assertion that certain alleged *Rosario* violations warrant reversal of his judgment of conviction is without

merit *(see,* CPL 240.60; *People v Brown,* 167 AD2d 410; *see also, People v Banch,* 80 NY2d 610). Sullivan, J. P., O'Brien, Pizzuto and Santucci, JJ., concur.