*776 OPINION OF THE COURT
Frank J. LaBuda, J.
The Sullivan County District Attorney, by letter submitted in lieu of a motion to compel, seeks an order from this court compelling the attorney for the defendant to instruct his expert psychiatric witness to prepare a written report which does not exist. Defense counsel responded, also in letter form, submitting opposition to the request by the District Attorney to compel the defense to obtain a written psychiatric report which is not in existence at this time.
The issue before the court is whether the trial court can compel defense counsel to require its psychiatrist to prepare a written report where the defense has previously served their notice of intent to offer psychiatric evidence upon the People and the People have demanded a report by way of reciprocal discovery pursuant to CPL article 240.
Accordingly, in determining this issue, the attention of the court is initially directed to CPL 240.30 (1) which provides that upon a demand to produce by the prosecutor, a defendant shall make available, among other things “(a) any written report or document * * * concerning a physical or mental examination”. CPL 240.30 (2) further provides that “[t]he defense shall make a diligent good faith effort to make such property available for discovery where it exists but the property is not within its possession” (emphasis added).
The statutory language is clear and unambiguous and there is little case law pertaining to this issue. A very similar issue was presented in Matter of Mulvaney v Dubin (80 AD2d 566 [1981]), where the question of whether a trial court had the authority to compel the manufacture and production of such a document was answered in the negative. The Appellate Division, Second Department, held that “[n]ot only does the definitional section of the article (CPL 240.10, subd 3) limit the definition of discoverable ‘property’ to ‘existing tangible personal or real property’, but the specific provision dealing with mental examinations refers only to ‘any written’ reports or documents * * * and, with tautological emphasis, imposes a duty upon the defendant merely to reveal ‘such property * * * where it exists’ ”. (Supra, at 566-567.) The Court further held, “[t]hus, there is no statutory authorization for a court to direct the reduction of an unrecorded report or statement by a potential defense expert to tangible, and, therefore, discoverable, form”. (Supra, at 567.) While Mulvaney v Dubin was re *777 versed by the Court of Appeals (55 NY2d 668), the Court of Appeals did not reach the merits of the substantive issue before the Appellate Division as the Court of Appeals reversal was based upon the jurisdictional ground that CPLR article 78 considered by the Appellate Division, Second Department, did not lie.
Subsequent to the holding by the Second Department in Mulvaney v Dubin (supra), the Appellate Division, Second Department, and the Appellate Division, Fourth Department, both addressed the issue of an order by a trial court compelling the defendant’s expert to prepare a written report of his findings, and both found that such an order was in error.* (See, People v Daly, 186 AD2d 217 [1992]; People v Glover, 221 AD2d 1001 [1996].)
The People’s reliance on People v Fratt (146 Misc 2d 77) is misplaced. In Fratt (supra), the Supreme Court held that the defense expert would have to prepare and provide the prosecution with a report outlining his opinion as to the defendant’s mental state in order to comply with the notice requirement applicable to proffers of psychiatric evidence. (Supra, at 88-89.) However, that case has not passed any appellate review. Subsequent holdings of the Appellate Division in People v Daly and People v Glover (supra) which addressed this issue found the trial courts to be in error where they issued such an order. Additionally, courts should not expand the interpretation of criminal statutes that are clear and unambiguous. Although the discovery request is reasonable and pertinent to the prosecution, CPL 240.30 (2) is expressly limited to any “written report” that “exists”. As the court is limited by statute upon release of Grand Jury minutes, Rosario material and the like, this court cannot make statutory changes where the Legislature has specifically refused to authorize such acts.
Accordingly, the request by the People for an order compelling the defendant’s psychiatric expert to prepare a written report which does not presently exist is denied. However, the court does order that the defendant’s psychiatric expert turn over to the District Attorney any written or tape-recorded notes that the expert has made regarding the defendant, Michael Purdon. In addition, the defense is to set forth with specificity and detail what they expect their expert to testify to, the substance of the facts and opinions on which such expert is *778 expected to testify, the qualifications of their expert and summary of the grounds for the expert’s opinion.

 However, in both those cases, the Appellate Division held that in light of the overwhelming evidence of the defendant’s guilt, the error was harmless.