OPINION OF THE COURT
John P. Collins, J.
The defendant is charged in an indictment with the crime of attempted murder in the second degree.
Defense counsel has served written notice that the defendant intends to offer evidence on the issue of lack of responsibility due to mental disease or defect. Orally, defense counsel has informed the court that evidence will also be offered on the issue of diminished mental intent.
The District Attorney seeks to have the defendant examined by a psychiatrist prior to trial. The prosecutrix seeks a copy of *558 the report prepared by the defense psychiatrist and his examination notes.
Defense counsel responds that no written report has been prepared and none may be prepared. Also, the psychiatrist has no written examining notes. On inquiry by the court, defense counsel says he: does not know the nature of the mental illness or defect about which the psychiatrist will testify.
Obviously a trial is not a game or a sport. The court must ensure that both sides have an opportunity to adequately prepare for trial. It is not desirable that delays occur in the midst of trial.
The People cannot rely on the presumption of sanity in this case. They have the ultimate burden of proof. At a minimum, unless they know the specific nature of the mental disease or defect claimed by the defense, the People cannot adequately address the issue. Examination by a psychiatrist of the People’s choosing would at the moment be a complete waste of time. A delay during trial — for such examination — would be a waste of the jury’s time.
In light of appellate rulings, the trial court has no statutory authority to compel the defense psychiatrist to prepare written notes or a written report (see, Mulvaney v Dubin, 80 AD2d 566, revd on other grounds 55 NY2d 668).
The trial court here is not powerless however. There are some alternative measures available and the first of these is now to be employed.
Defense counsel is to serve on the District Attorney and file with the court an amended notice of intention to offer evidence of mental disease or defect. This amended notice is to list with specificity the type or nomenclature of the mental disease or diseases or defect or defects suffered by the defendant. The latter is to be specified in accord with diseases or defects described in the Diagnostic and Statistical Manual of Mental Diseases. This is to be done within one week of the date of the filing of this decision.
The purpose of the statutory notice is to prevent disadvantage to the prosecution as a result of surprise (see, People v Berk, 88 NY2d 257). In ordering a more comprehensive notice in the instant case, the court finds similarity to judicial interpretation of CPL 710.30 (1) (a) — statement notice. There the statute requires only notice of intent to offer a statement. The courts however have expanded the nature of the notice to require the giving of the substance of the statement obtained *559 (see, People v Lopez, 84 NY2d 425; People v Bennett, 56 NY2d 837; People v Laporte [La Porte], 184 AD2d 803, lv denied 80 NY2d 905).