■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL SIRMONS, Appellant. [662 NYS2d 645] —Judgment unanimously affirmed. Memorandum: On September 13, 1995,

defendant was indicted on two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), based on his alleged sale of cocaine to undercover police officers at 6:45 P.M. and 8:20 P.M. on January 3, 1995. On September 27, 1995, defendant was indicted on one count of criminal sale of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the third degree, based on a third alleged sale of cocaine to undercover police officers at 7:30 P.M., also on January 3, 1995.

By notice and amended notice of alibi, defendant asserted his intention to prove, as an alibi defense, that he was in Haynes City, Florida, on January 3, 1995. County Court granted the People's motion for discovery of hotel receipts and other documents that defendant intended to produce at trial in support of his alibi defense. The discovery order provided that such documents be delivered to the court for its preliminary in camera inspection prior to trial. After reviewing the documents, the court ordered that eight documents, consisting of motel and sales receipts, telephone bills, telephone customer service agreements, and a letter from a telephone company, be made available to the People for inspection.

At trial, defendant supported his alibi defense by his own testimony and that of several other witnesses but did not introduce any of the above documents. Defendant was convicted of all counts in both indictments and sentenced to an aggregate term of 12 to 36 years' incarceration.

Defendant contends that the court erred because the prosecutor's request was not reciprocal to defendant's request for discovery. In *People v Copicotto* (50 NY2d 222, 228), the Court of Appeals pointed out that "the prosecution's right to discovery is not an independent right, being triggered only by a defense request for discretionary discovery and restricted to like property". *Copicotto*, however, was decided under CPL article 240 before it was amended, and subdivision 240.40 (2) (b) was added (*see*, L 1979, ch 412, § 2). Pursuant to that subdivision, the court may order a defendant "to supply non-testimonial evidence, regardless of whether the defendant makes a reciprocal demand or intends to introduce such evidence at trial" (2 Waxner, New York Criminal Practice § 14.7 [4], at 14-56; *see, People v Miller,* 108 Misc 2d 528, 528-529). The discovery order in this case prevented the surprise at trial that would have resulted from undisclosed evidence belatedly offered to support defendant's alibi defense. Such discovery

furthers the legislative policy of enabling the People to prepare to meet that defense (*see*, CPL 250.20 [1]), and also "evinces a legislative determination that the trial of a criminal charge should not be a sporting event where each side remains ignorant of facts in the hand of the adversary until events unfold at trial" (*People v Copicotto, supra*, at 226).

Nor does the discovery order offend defendant's constitutional rights. The documents in defendant's possession are evidence of a non-testimonial nature. They do not contain testimonial declarations of defendant, they were prepared by a person other than defendant in the ordinary course of business, and their authentication would come from a source other than defendant. The Fifth Amendment privilege does not extend to evidence for which defendant is merely the source (*see, People v Copicotto, supra*, at 228). Furthermore, the fact that defendant is required to disclose his defense prior to trial does not bar discovery, "for '[n]othing in the Fifth Amendment privilege entitles a defendant as a matter of constitutional right to await the end of the State's case before announcing the nature of his defense' (*Williams v Florida*, 399 US 78, 85; *see, also,* Traynor, Ground Lost and Found in Criminal Discovery, 39 NYU L Rev 228, 248-249)" (*People v Copicotto, supra*, at 229-230).

Moreover, the People showed a reasonable need and justification for discovery. The People did not have the names of the hotels, phone companies and other business entities that issued the documents allegedly supporting the alibi defense that defendant was in Haynes City, Florida, when the sales took place. Because the sources of the documents are all located outside of New York, copies of the documents could not have been subpoenaed. Defendant's contention that the discovery order is overbroad ignores the limitation in the order that defendant was required to turn over only those documents that defendant intended to introduce at trial and that such documents be made subject to prior in camera review (*see,* CPL 240.90 [3]).

Defendant further contends that the sentence is illegal. The aggregate maximum term of defendant's sentences is deemed by operation of law to be limited to a maximum of 30 years; therefore, there is no need to modify the judgment (*see, People v Moore,* 61 NY2d 575, 578; *People v Deyo,* 222 AD2d 757; *People v Ramos,* 208 AD2d 1052, 1053-1054, *lv denied* 85 NY2d 913, 86 NY2d 739; *People v Strong,* 172 AD2d 1059).

The contention of defendant that the court penalized him for rejecting the plea offer and proceeding to trial is without merit (*see, People v Reed,* 222 AD2d 616, 617, *lv denied* 87 NY2d

1024; *People v Clarke*, 195 AD2d 569, 570-571, *lv denied* 82 NY2d 752). In light of defendant's prior criminal history of felony convictions, the maximum term of the aggregate sentences, as reduced by operation of law, is neither unduly harsh nor severe. (Appeal from Judgment of Wayne County Court, Kehoe, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Hayes, Callahan, Doerr and Boehm, JJ.