■ The People of the State of New York, Respondent, v Hashim Kernahan, Appellant. [986 NYS2d 122]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered June 2, 2011, convicting defendant, after a jury trial, of attempted robbery in the second degree, tampering with physical evidence, menacing in the second degree and possession of an imitation pistol, and sentencing him, as a second violent felony offender, to an aggregate term of seven years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.

The court properly declined to preclude the People from calling a witness who first came to their attention on the third day of trial. Discovery in a criminal case is governed by the Criminal Procedure Law (*People v Copicotto*, 50 NY2d 222, 225 [1980]), and, with exceptions not relevant here, there is no provision for disclosure of the identities of witnesses (*see* CPL art 240). Furthermore, the People themselves had no advance notice of the witness's existence, and they made all disclosures required by CPL 240.45 as soon as possible (*see* CPL 240.60).

Defendant, who only sought preclusion, did not request any additional time for preparation, and his claim of prejudice is unsubstantiated. To the extent that defendant is raising a constitutional claim, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find it to be without merit (*see Weatherford v Bursey*, 429 US 545, 559 [1977]).

Defendant's challenges to the content of this witness's testimony are also without merit. Evidence showing defendant's planning, preparation and motive for the attempted robbery was highly probative. To the extent any of this testimony was unduly prejudicial, the court took appropriate curative actions, and offered a further curative action that defendant declined.

The court also properly exercised its discretion in denying defendant's request for a missing witness charge regarding the victim's girlfriend (*see generally People v Gonzalez*, 68 NY2d 424, 427-428 [1986]). The record supports the court's conclusion that the testimony of the uncalled witness would have been cumulative. Concur—Sweeny, J.P., Acosta, Renwick, Andrias and Freedman, JJ.