■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASKELL WISE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 10, 1978, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Defendant, charged with the attempted murder of his employer, asserted the defense of mental disease or defect (see Penal Law, § 30.05). At the trial Dr. Augustus Kinzel testified that at the time the crime was committed defendant lacked substantial capacity to know what he was doing, or to know that what he was doing was wrong. On cross-examination, the prosecutor elicited the fact that Dr. Kinzel had not examined the Grand Jury minutes of the victim and arresting officer before reaching that conclusion. Then, in summation, the prosecutor attacked Dr. Kinzel for failing to examine the Grand Jury minutes, which

had been examined by the prosecutor's psychiatrist, implying that the People permit a defendant's witness to examine Grand Jury minutes as a matter of course. In so doing, the prosecutor made himself an unsworn witness (see *People v Jackson,* 7 NY2d 142), indicating a deficiency in the psychiatric approach of defendant's psychiatrist, and creating the misleading impression that Grand Jury minutes are available to a defendant on demand (see *People v Washington,* 84 Misc 2d 935; *People v Browne,* 184 Misc 764; *Matter of Attorney General of U. S.,* 160 Misc 533). Defendant asked the trial court to instruct the jury that defendant needed a court order to see the Grand Jury minutes, but that request was denied. Therefore, the false impression created by the prosecutor went uncorrected. These errors deprived defendant of a fair trial. Hopkins, J. P., Mangano,. Gibbons and Rabin, JJ., concur.