OPINION OF THE COURT
Louis B. Scheinman, J.
Defendant moves for reargument of his omnibus motion, asking this court to reconsider its denial of discovery of police reports of the subject of this indictment, its denial of res *986 gestae statements made by defendant, and now asking for an identification hearing.
Prior to the amendment of CPL article 240 effective January 1, 1980, "exempt property” was excluded from discovery. The definition of said term found in CPL 240.10 (subd 3) included police reports. However, article 240 as amended does not include such term, but, instead, defines "attorneys’ work product” (CPL 240.10, subd 2) and then defines "property” (subd 3) as including reports, records, memoranda, etc., but excludes "attorneys’ work product”.
CPL 240.20 (subd 1) requires the District Attorney to make available the following "property”, setting forth in paragraphs (a) through (g) a number of categories of such property, none of which mention the police report. Paragraph (g) requires disclosure of "[a]nything required to be disclosed, prior to trial, to the defendant by the prosecutor” under the State and Federal Constitutions.
CPL 240.20 (subd 1, par [b]) provides that the court "may order discovery with respect to any other property, which the people intend to introduce at the trial, upon a showing by the defendant that discovery with respect to such property is material to the preparation of his defense, and that the request is reasonable.”
This court knows of no constitutional requirement that reports, notes or memoranda made by the police for their internal use be made available for pretrial discovery, unless there is exculpatory matter contained therein. Nor do the statutes referred to require such disclosure, unless the prosecutor intends to introduce same at the trial.
Accordingly, the court will adhere to its prior determination on this question, except that if the District Attorney intends to use such material, or portions thereof on the trial, defendant shall have discovery to such extent.
With respect to conversations between the defendant and the police officers, and anyone else who may have been present at the criminal transaction alleged in the indictment, the court also adheres to its original determination. The indictment charges a controlled substance sale by defendant to a police officer. Conversations taking place during said transaction are specifically excluded by the new discovery statute (CPL 240.20, subd 1, par [a]) as statements, written, recorded, or oral, made by defendant "in the course of the criminal transaction”.
*987 The claim by defendant that since his defense will be entrapment, discovery of the language used during the alleged sale stands on a different footing from other defenses, is without merit. In almost any prosecution involving a conversation with defendant during the criminal transaction, the words used by the parties to the conversation would be highly relevant. That does not make them, under the statute, discoverable.
Upon this motion the defense counsel advises that he has learned that the complainant police officer viewed photographs of defendant and others. Defendant, therefore, now requests an identification hearing. The District Attorney concedes this fact and, accordingly, such a hearing shall be held at a time to be fixed by this court.