OPINION OF THE COURT
Loren N. Brown, J.
The defendant is accused of murder in the second degree in violation of section 125.25 of the Penal Law of New York State. The crime is alleged to have been committed on or about November 14, 1980 under circumstances evincing a depraved indifference to human life, in that he recklessly engaged in conduct which created a grave risk of death to a four-year-old infant, and thereby caused the death of said infant by the application of physical force with resultant hemorrhage with severe cerebral edema. At the time of the alleged incident, the defendant was living with the mother of the victim, and the victim in a “so-called” familial relationship. As a result of whatever transpired on November 14, 1980, the victim was brought to a hospital by the defendant, and following the victim’s admission and after the elapse of several days, the victim died.
*1050 By notice of motion, undated, and supporting affidavit, dated January 29, 1981, the defendant moves for various forms of relief.
The People oppose certain aspects of the motion by answering affidavit, dated February 4, 1981.
As a result of arguments on the motions which were heard at the February 13, 1981 Special Term of the court, only two aspects of the motion were undetermined, while the balance of the motion was held in abeyance until the defendant could review discovered materials.
The first matter to be considered is the defendant’s request by way of the bill of particulars for a full and complete statement describing the circumstances leading to the discontinuance of the victim’s life support systems, and the donation of certain of the victim’s organs.
A motion to discover items of information through a bill of particulars is addressed to the sound discretion of the court (People v Ricci, 59 Misc 2d 259), and its determination is to be guided by weighing the prejudicial impact on the respective parties caused by allowing or refusing discovery. (People v Matera, 52 Misc 2d 674.)
In applying that weighing process to the case at bar, the court finds that discovery of the requested material is justified. The information sought may be essential to the preparation of a defense, especially on the issue of the cause of death. Conversely, providing information, though perhaps time consuming, is in no other way prejudicial to the People. The defendant is clearly attempting to develop his defense rather than to discover the nature of the People’s evidence against him.
Based on the foregoing, and an appreciation of the gravity of the crime charged, the court will order the People to serve a bill of particulars containing the requested information.
The final issue concerns the defendant’s request for internal police department memoranda.
Prior to January 1, 1980 when CPL article 240 was amended, it was the practice of the court to grant a defendant discovery of “routine police reports” which were required to be itiade by either operation of law or police *1051 department regulations. Pursuant to CPL 240.10 (subd 3), police reports which constituted internal documents prepared during a subsequent investigation of a case remained exempt from discovery.
The court has reviewed the law as amended, and finds that under the present law this limited discovery of routine police reports is not necessarily permissible. Restriction of the scope of discovery by an amendment which is popularly believed to have greatly expanded the scope of discovery is accomplished by a limiting categorization of discoverable property (CPL 240.20, subd 1), and a further provision which leaves the court limited power to order further discovery. (CPL 240.40, subd 1.) Property not discoverable pursuant to CPL 240.20 is discoverable at the discretion of the court if the People intend to introduce the property at trial, and “upon a showing by the defendant that discovery with respect to such property is material to the preparation of his defense, and that the request is reasonable” (CPL 240.40, subd 1, par [a]). The requirement that the discoverable property must be that which the People intend to introduce at trial is new to CPL article 240, and patently restricts the defendant’s discovery rights. (People v Finkle, 103 Misc 2d 985.)
Based on the foregoing, the court will deny discovery of internal police memoranda, except for that material which the District Attorney intends to use at trial, and, of course, those reports, if any, which contain Brady material.
Accordingly, the aspects of the defendant’s motion currently under consideration are, in part, granted, and, in part, denied.