OPINION OF THE COURT
Benjamin Altman, J.
Who has the burden of proof in an incompetency hearing to determine whether an amnesiac defendant can have a fair trial? In a straight competency hearing the People, by a preponderance, have the burden of showing that the defendant is competent. (People v Veda, 73 Misc 2d 857; People v Sanchez, 86 Misc 2d 81; People v Santos, 43 AD2d 73.)
However, in a hearing in the nature of a competency hearing to determine whether the amnesiac defendant can have a fair trial the burden shifts.
In this case the defendant was indicted for the crime of murder in the second degree. Defendant in this motion claims that he cannot get a fair trial and actually moves for (1) a determination as to whether he is likely to receive a fair trial in view of his amnesiac condition; (2) a posttrial hearing if a trial is held, to determine whether defendant received a fair trial; and (3) compelling full disclosure by the prosecution of its case. A hearing was held on Septem *714 ber 24, 1981 and October 2, 20, and 27, 1981, and the People’s witnesses were Dr. Morris Herman (psychiatrist), Dr. John Train (psychiatrist) and Lydia Toro, for the defense.
On June 14, 1980, the defendant allegedly killed one Roberto Arroyo by stabbing him with a knife. Defendant states that he was in a state of such intoxication that he remembers nothing of the night. Dr. Train, who was the defense’s witness, testified in substance that the defendant has a long history of “chronic alcoholism and withdrawal symptoms.” At the time of the alleged offense he had been drinking heavily along with the intake of certain medication and Dr. Train further testified that the amnesia he suffered was due to the heavy intake of alcohol and that the defendant in no way was a malingerer. Dr. Herman told the court that defendant was purposely or conveniently forgetting parts of the fateful day although he would not go so far as to say that the defendant was a malingerer. In other respects Dr. Herman agreed with Dr. Train.
The burden of proof always is a difficult area for determination. Burdens of proof and presumption in criminal cases, the relations between the two with important constitutional overtones is “undergoing a *** ferment and transition”. (McKinney’s Proposed Code of Evidence, Commentary, art 3, § 301, p 23.) Nevertheless, a trial court cannot await the end of ferment and transition but must make hard decisions on a case-by-case basis. (See Richardson, Evidence [Prince, 10th ed], § 96.)
In this case we have a somewhat similar situation as in People v Garagarza (Supreme Ct, NY County, March 2, 1979, Haft, J.). In regard to the burden of proof in this kind of proceeding, Judge Haft stated: “Unlike a traditional ‘competency hearing’ (See CPL art 730), where the burden of proof is upon the prosecution to establish by a preponderance of the evidence that the defendant is not an incapacitated person [People v Santos, supra] when a defendant claims he is unfit to proceed to trial due to amnesia, a condition solely within the knowledge of the defendant — ‘easy to feign and hard to disprove’ (State v Johnson, 112 Ariz. 17 [1975]) — the burden of sustaining the *715 genuineness of the amnesia should vest with the defendant.”
The court rules that the burden in an amnesia case moves to the defendant by the preponderance of the evidence. The defendant has met that burden. The burden now shifts back to the People. As Professor Fisch (New York Evidence [2d ed], § 1088, p 612) said: “[T]he burden of producing evidence *** may shift from one party to another and back again.” Now the People have the burden by the preponderance to show that the defendant can get a fair trial since the defendant, because of his amnesia, cannot recall the key events involved in the date and particular time in question, he is limited in being able to assist in his defense. There are difficulties in the defendant receiving a fair trial. However, this court orders the People to make full disclosure of its case including the Grand Jury minutes, and with that assistance the defendant should be able to receive a fair trial. Both sides are ordered to proceed to trial. It is further ordered that after the trial a determination should be made as to whether defendant did in fact receive a fair trial. (People v Francabandera, 33 NY2d 429; Wilson v United States, 391 F2d 460.)