OPINION OF THE COURT
Gerard E. Delaney, J.
Defendant has been indicted for the crimes of attempted robbery in the first degree, criminal use of a firearm in the second degree and criminal possession of a weapon in the third degree. Such crimes occurred in Yonkers, New York, on November 16,1981, wherein defendant allegedly used a knife and displayed what appeared to be a firearm in an attempt to rob one Sharon Zellner. Following his arrest and later indictment, defendant was arraigned on the instant charges on January 4, 1982. Counsel for defendant had him examined by a psychiatrist for possible alcohol-related amnesia at the time of his alleged crimes and upon receiving indications of such an episode from his doctor, defendant submitted an omnibus motion which, inter alia, requested expanded pretrial discovery under CPL 240.40. Defendant alleges that as a result of amnesia, alleged to be *367 alcohol related, he remembers nothing of his actions or whereabouts on the date, time and place of the crimes charged and needs expanded discovery so as to allow him to assist in his own defense. This court reserved decision on such issue, finding that a hearing was necessary for medical evidence of defendant’s status at the time of the crimes charged.
A. LAW
The new CPL article 240 became effective January 1, 1980 (L 1979, ch 412). CPL 240.40 (subd 1, par [a]) allows a court (subject to certain discretionary protective provisions in CPL 240.50), to “order discovery with respect to any other property, which the people intend to introduce at trial, upon a showing by the defendant that discovery with respect to such property is material to the preparation of his defense and that the request is reasonable”. While the People have previously consented to certain of defendant’s discovery requests, the defendant also seeks contested discovery in the broad categories of: police reports concerning identifications made of defendant and names of witnesses; statements defendant may have made to nonpolice personnel, to include names and addresses of the witnesses; all police reports concerning his arrest; and all reports reflecting prior statements of all witnesses to include their Grand Jury testimony.
CPL article 240 should be strictly construed inasmuch as it is in derogation of prior common-law principles. (Cf. Matter of Mulvaney v Dubin, 80 AD2d 566.) However, special circumstances may allow certain disclosure beyond the statute. (See Matter of Mulvaney v Dubin, supra, p 567, and cases cited therein; accord CPL 240.40, subd 1, par [a]; cf. People v Gissendanner, 48 NY2d 543, 550; Matter of Vergari v Kendall, 76 Misc 2d 848, 854, affd 46 AD2d 679.) However, there remains the additional statutory requirement that there must be property (CPL 240.10, subd 3) of a type “which the People intend to introduce at trial”. (Cf. People v Bissonette, 107 Misc 2d 1049, 1051; People v Finkle, 103 Misc 2d 985.)
The court notes, however, that “[c]onstitutional requirements supersede statutory limitations” (People v Harte, 99 Misc 2d 86, 89; cf. Brady v Maryland, 373 US 83), and the *368 denial of the pretrial discovery in some instances may well be of constitutional dimensions. (Brady v Maryland, supra.)
Of importance here also is that defendant is not contesting his competence to stand trial because of his alleged amnesia on the date of the crime(s), i.e., CPL article 730, as such a condition has been held not to constitute mental incapacity. (People v Francabandera, 33 NY2d 429; cf. United States v Sullivan, 406 F2d 180.)[1]
Under CPL 240.40 additional discovery may be had if defendant shows by a preponderance of the evidence that such is “material to * * * his defense, and that the request is reasonable”. There appears to be no real question but that the names and addresses and prior statements of the witnesses to the crime and to his arrest are material, i.e., probative of facts in issue, as they would be in every criminal case. The question then becomes whether on the facts presented, the request is “reasonable” and, if so, to what extent the discovery should apply (cf. CPL 240.50).
Under old CPL 240.20 (subd 3, par [b]) and 240.10 (subd 3) prior statements of potential prosecution witnesses were expressly nondiscoverable by statute. (See People v Andre W., 44 NY2d 179,186, n.) However, the concept of “exempt property” per se was not carried forward in the 1980 revision of CPL article 240 and depending on the circumstances, CPL 240.40 may well allow it. Regardless of the statute, courts have divided over the issue of the disclosure of the names and addresses of such witnesses. (People v Andre W., supra.) Such disclosure of the names of witnesses prior to trial, however, was implicitly approved in certain instances at the discretion of the Trial Judge (People v Andre W., supra, p 185; cf. People v Goggins, 34 NY2d 163, cert den 419 US 1012; People v Stanard, 42 NY2d 74, 84), albeit with considerations to be kept in mind which are similar to those of CPL 240.50.
Is such discovery “reasonable” in the case of the alleged amnesiac defendant? If a defendant has carried his burden
*369 of proof[2] to indicate that his recollection of the events at the time of the alleged crimes is hampered by a retrograde amnesia pertaining to that time, the courts have seemed to indicate that not only is it reasonable but also necessary in order to insure defendant receives a fair trial. (See, generally, Wilson v United States, 391 F2d 460, 463; United States v Sullivan, 406 F2d 180,186 [“Such a loss of memory may call for additional trial safeguards”]; People v Francabandera, 33 NY2d 429, 438, supra [witness statements were ordered read to defendant before entering his plea]; State v McClendon, 103 Ariz 105; People v Rivera, 111 Misc 2d 713, supra [“full disclosure” ordered]; People v Soto, 68 Misc 2d 629 [evidence could be “reconstructed” extrinsically through discovery].) It is important to note that this additional discovery allowed defendant becomes a factor in the Wilson analysis which must be made by the Trial Judge after trial (or before plea) in order to determine whether defendant in the circumstances did (or could) receive a fair trial. (People v Francabandera, supra, pp 438-439; Wilson v United States, supra, pp 463-464.)
B. FACTS
A hearing was held on August 12 and 13, 1982, and the court makes the following findings of fact in this matter for the purposes of the hearing only: Defendant, Jerome Johnson, also known as Jake Hull, Jr., is a 35-year-old married male who states he has had an alcohol “problem” since approximately 1966, which statement is verified by various hospital records and diagnoses of alcoholism, cirrhosis of the liver and pancreatitis during this period. He has a long history of weeks of alcoholic “binges” since 1965, and at least two prior “memory losses” when he was drinking heavily.
During the period of three to four weeks prior to the alleged instant crimes, defendant was consuming a pint of vodka a day, and a quart a day on weekends.
On the evening of November 15, 1981, defendant was home with his wife, drank a quart of vodka and went to sleep in the late evening or early morning hours. He claims that he remembers nothing at all of the day of November *370 16, 1981, except that he does remember waking up in a Yonkers jail cell after 6:00 p.m. on that date. He states that his wife later told him he went out in the morning of November 16 and bought another bottle of wine.
The instant crime(s) are alleged to have occurred in the afternoon of November 16, 1981.
Defense psychiatrist, Dr. Alan Tuckman, upon an examination of the defendant and all hospital records, termed defendant a chronic alcoholic and the lapse of memory claimed by defendant meets the necessary criteria for an “alcoholic blackout”, which is a form of an “organic” retrograde amnesia which may be brought on by, inter alia, the toxic impact of chemicals or alcohol on the brain, and which is often reflected in a memory loss, partial or complete (during the acute intoxication phase which may go back up to one or two days) on the part of the alcoholic for the period of time he is on the alcoholic binge. While he admitted the possibility of malingering on the part of defendant and the absence of any valid tests which can be used to verify the amnesia claim of an individual, he did state in his expert opinion based upon his analysis, that the pattern of this defendant conformed to a picture of the retrograde amnesia on the part of defendant though he could not say for certain that it was due to organic causes.
Dr. A. Linden Abrahms testified for the People, in substance, that in his opinion and analysis, defendant did not experience an alcoholic blackout, and based such opinion to a large extent on defendant’s telling him that he remembered Monday (Nov. 16) morning, i.e., buying a bottle of wine, and that if he remembered that, that the memory loss would only be for the period of the intoxication prior to the buying of the wine — i.e., that defendant would have then remembered the events occurring after buying the wine up until, if, and when, he went into another acute intoxication phase. However, as above, defendant later testified that this information was what his wife told him and not what he remembered of the morning of November 16, 1981.
Based upon the above law and facts, it is the decision of the court that, for purposes of this discovery motion and hearing only, defendant has met his burden of showing *371 under CPL 240.40 (subd 1, par [b]) that additional discovery is material in the preparation of his defense and that such request is reasonable based upon the fact and holding of this court that at the time of the alleged crime(s) defendant was suffering a retrograde amnesia or alcoholic blackout of his recollection of the dates, times, places and events in question. It is for the People to now show under the Wilson standards above that defendant can get a fair trial given such finding. To assist in that determination, which is properly left for the Trial Judge, this court orders that the People supply defendant with any and all prior written, recorded or oral statements of the actual witnesses to the alleged crimes (not including statements of police who were nonwitnesses), including the Grand Jury statements of such witnesses, if any. However, keeping in mind that the evidence now shows that defendant is capable of acting without memory of his actions, and assuredly without reflection or insight during the course of such alcoholic binges; defendant’s prior criminal record involving at least, crimes of vandalism and possession of weapons; the violent nature of the instant allegations involving the use or display of a firearm; the court in its discretion under CPL 240.50 orders that the names, addresses and any other identifying characteristics of the witnesses shall be redacted from any and all prior statements released, noting also that under CPL 240.50 (subd 2) this court further orders that the release of such statements or material derived therefrom shall be maintained in the exclusive possession of the attorney for defendant only, and shall be used for the exclusive purpose of preparing for the defense of this instant action. Fictitious names may be used and noted, if desired.
Discovery of additional identification information and police reports (except to the extent they reflect oral statements of witnesses) and Grand Jury instructions is denied. All further discovery requested is denied except to the extent previously consented to by the People.
The aforesaid constitutes the decision and order of this court. Any compliance required to be taken shall be within 10 days after the service of a copy of this decision and order. The District Attorney is directed to make available *372 the material upon which discovery is directed to the defendant for photocopying through use of the machine at the office of the District Attorney, or at the option of the District Attorney, at the nearest public machine, the same to be at the defendant’s expense.

. (Indeed, defendant underwent a CPL article 730 examination in July of 1982, and was not found to be an “incapacitated person” within the definition of CPL 730.10. Such reportfs] were not challenged by defendant). However, People v Francabandera (supra, p 438) approved of an alleged amnesiac utilizing CPL article 730 as a “procedural device” only to raise the issues of “fair trial” before the lower court.

. See People v Rivera (111 Misc 2d 713, 714) and cases cited therein.