■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY GONZALEZ, Appellant.—Judgment, Supreme Court, Bronx County (Martin B. Klein, J.), rendered April 11, 1984, which, after a jury trial, convicted defendant-appellant of arson in the fourth degree and sentenced him, as a second felony offender, to 2 to 4 years' imprisonment, is reversed, on the law, and remanded for a new trial.

In January 1983, defendant set fire to rugs, a couch, and a bed in the Bronx apartment of his girlfriend, Anna Hernandez. Defendant has a prior history of mental illness which dates back to 1973. He has been hospitalized on numerous occasions for schizophrenia and alcohol or drug addiction.

At issue is whether defendant was legally insane when he set the fires in Hernandez' apartment. At trial, both defendant and the prosecutor had psychiatric experts testify as to defendant's mental condition at the time of the incident in question. The People's expert, Dr. Schneider, concluded that defendant was not insane when he set the fires. He testified that defendant's schizophrenia was in remission at that time and that the fires were a result of drug abuse. The defense's expert psychiatrist, Dr. Biangasso, determined, alternatively, that defendant manifested symptoms of paranoid schizophrenia and was insane at the time of the fires.

Anna Hernandez had testified before the Grand Jury. In her Grand Jury testimony she stated that defendant set his hair on fire prior to starting the fires in her apartment.

The prosecutor provided Dr. Schneider with the minutes of her Grand Jury testimony, but refused to give them to Dr. Biangasso or defendant. As a result, defense counsel was not permitted to use them for redirect examination of Dr. Biangasso and for cross-examination of Dr. Schneider.

We reverse and order a new trial. The prosecutor's refusal to provide defendant with the minutes of Anna Hernandez' Grand Jury testimony was a denial of due process and was reversible error. The minutes contained potentially exculpatory material regarding defendant's insanity defense. (See, Brady v Maryland, 373 US 83, 87; see also, People v Simmons, 36 NY2d 126, 131.) But more important, it was unfair for the prosecutor to provide the material to the People's expert and

not to the defense's expert. *(Cf. Wardius v Oregon,* 412 US 470.) Without it, the preparation of defendant's case was severely impaired.

We do not find it necessary to reach the other issues raised by appellant. Concur—Kupferman. J. P., Sandler, Fein, Kassal and Wallach, JJ.