(April 28, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. SEILER, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered January 11, 1985, upon a verdict convicting defendant of the crime of murder in the second degree.

In the early morning hours of April 23, 1983, defendant, armed with a knife, went to the apartment of Rita Sievers. Defendant threatened her with his knife and then repeatedly stabbed her, causing her death. Sievers' screams awakened her upstairs neighbor, Kathleen Simpson, who immediately called the police. Upon arrival, police found Sievers' naked body in the hallway at the bottom of the stairs. Cause of death was established as asphyxiation and aspiration of blood caused by multiple knife wounds from a 5½-to-6-inch knife.

An investigation was thereafter commenced which quickly focused on defendant after police interviews with friends of the deceased and relatives of defendant. The police were advised that defendant had gone to his cousin's residence in Florida. Defendant was taken in for questioning on April 25, 1983 in Lake Worth, Florida, was advised of his Miranda rights and he gave a statement which was tape-recorded. An arrest warrant was issued later that morning, and defendant was subsequently returned to New York and charged with murder in the second degree. Defendant pleaded not guilty by reason of mental disease or defect, was convicted of the charge after trial and was sentenced to 25 years' to life imprisonment. This appeal ensued.

Initially, we reject defendant's contention that the People did not prove beyond a reasonable doubt that he did not suffer from a mental disease or defect at the time of the commission of the crime.* Conflicting expert opinion of sanity creates a question of fact, and the jury's determination of sanity will not be disturbed when no serious flaw is found in the testimony of the People's expert *(see, People v Hicks,* 125 AD2d 332; *People v Amaya,* 122 AD2d 888).

Defense experts, Dr. Mauris Platkin and Dr. Herman Snow, testified as to defendant's history of mental illness, diagnosed as paranoid schizophrenia. Platkin, who treated defendant clinically on and off for several years, did not express an opinion as to defendant's sanity at the time of the commission of the crime. Snow, a specialist in forensic psychiatry, examined defendant once in June 1983 and testified that he felt defendant was suffering from a mental disease or defect on the night of the murder. However, Snow had not reviewed highly relevant documents relating to defendant's state of mind at the time of commission of the crime which he conceded would have been invaluable.

The People's expert, Dr. John Train, stated that, although defendant had suffered from psychotic episodes in the past, analysis of defendant's actions before and after the murder led him to conclude that defendant did not suffer from a mental disease or defect on the night of the murder. This testimony was buttressed by numerous lay witnesses who established that defendant appeared rational immediately before the commission of the crime and that he freely admitted his conduct and appeared to have a clear recollection of what he had done immediately thereafter *(see, People v Clark,* 94 AD2d 846).

A question of fact was thus presented to the jury. Although there was conflicting expert testimony, the jury had before it clearly sufficient medical opinion and other testimony upon which to conclude that defendant was criminally responsible. We may not interfere with that verdict *(see, People v Wood,* 12 NY2d 69, 77; *People v Horton,* 308 NY 1, 12; *People v Hicks, supra,* at 333).

Defendant's contention that the September 1983 social assessment form should not have been admitted into evidence is

---

* Penal Law former § 30.05, applicable here *(see,* L 1984, ch 668, § 9), required the People to disprove the defense of lack of criminal responsibility by reason of mental disease or defect beyond a reasonable doubt. The present law provides for an affirmative defense to be proved by a defendant by a preponderance of the evidence (Penal Law § 40.15).

similarly unavailing. In this assessment, it was stated that defendant had said that he stabbed Sievers to death. We first observe that this document was admitted without objection. In the absence of a timely objection, defendant waived his right to object or claim that the introduction of this document into evidence constituted error *(see, Barzaghi v Maislin Transp.,* 115 AD2d 679, 687; Richardson, Evidence § 537, at 529 [Prince 10th ed]).

In any event, the challenged document was properly admitted into evidence. Inasmuch as the entrant did not testify, to be admissible under CPLR 4518, it must be shown that the information was germane to treatment. For a proper diagnosis of a psychiatric patient, everything the patient says and does must be accurately recorded for analysis to discover the basis of the problem *(see,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 4518.12). In our view, the information contained in the assessment form was germane to treatment, and the assessment was properly admitted on the issue of mental disease or defect *(see,* CPL 60.55 [1]; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 4518.18; Richardson, Evidence § 203 [Prince 10th ed]). In addition, County Court specifically cautioned the jury, albeit not immediately, in accord with CPL 60.55 (2) that defendant's statements to the social worker could be considered only on the issue of mental disease or defect.

Next, we reject defendant's contention that he was prejudiced by County Court's failure to inform the parties, prior to summations, that manslaughter in the first degree would be submitted to the jury. Initially, the record is unclear as to whether defendant was advised prior to summations of all offenses which the jury would consider *(see,* CPL 300.10 [4]). Further, defendant never objected to the submission of the charge of manslaughter in the first degree and, in fact, agreed that such a charge was proper. Where, as here, a defendant is convicted of the greater offense and his defense is based entirely on the theory of mental disease or defect, it cannot be convincingly argued that he was denied his right to an effective summation *(see, People v Chapman,* 60 AD2d 584; *see also, People v Scalzi,* 102 AD2d 952; *People v Smith,* 77 AD2d 712).

We find equally untenable defendant's contention that his taped statement should not have been admitted into evidence. First, defendant did not object to the receipt of the evidence at trial upon the ground that it was taken in violation of his right to counsel and he is, accordingly, foreclosed from raising the issue here *(see, People v Martin,* 50 NY2d 1029; *People v Tutt,* 38 NY2d 1011). Second, it is clear from the record that

the statement was taken prior to the issuance of an arrest warrant and, consequently, the rule of *People v Samuels* (49 NY2d 218) was not violated *(see, People v Settles,* 46 NY2d 154; *People v Davis,* 94 AD2d 900). Finally, there is no merit to defendant's claim that the tape was inaudible. Here, the jury was furnished with a stenographic transcript of the tape. The ability of a third party to transcribe a tape is evidence of its audibility *(see, People v Ryan,* 121 AD2d 34, *cert denied —* US —, 107 S Ct 2202; *People v Weyant,* 68 AD2d 608).

We find unpersuasive defendant's claim of prejudice because his psychiatrist was not given all the material that the People's psychiatrist was given. Due process requires that, if requested, a prosecutor supply this material to a defense psychiatrist *(see, People v Gonzalez,* 120 AD2d 464), but here the record is devoid of any evidence that the People denied any such request. Equally unavailing is the claim that the People failed to inform defense counsel of the time of the psychiatric examination by the People's expert. There is no factual support for the claim and defense counsel may waive his right to be present at the examination *(see, People v Wood,* 64 AD2d 767).

Nor did the prosecutor's comments in his summation, in which he arguably vouched for the credibility of the People's expert witness, deprive defendant of a fair trial. These and other statements that defendant complains of are inconsequential in the context of the entire summation and do not serve as a basis for reversal *(see, People v Patterson,* 121 AD2d 406).

We have examined defendant's remaining contentions and find them to be unpreserved for review or without merit, and thus we decline to address them.

Judgment affirmed. Casey, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.