OPINION OF THE COURT
John S. Moore, J.
This case presents the issue of whether the court has the authority to grant the People’s motion made pursuant to CPL 240.40 (2) (b) (vi) for handwriting exemplars in actions where only felony complaints have been lodged. The court holds that it is not so empowered under the present statutory dictates of CPL 240.40.
Defendants are charged by separate felony complaints with promoting gambling in the first degree (Penal Law § 225.10 *402 [1]) and possession of gambling records in the first degree (Penal Law § 225.20 [1]). The District Attorney now moves for an order compelling each defendant to provide handwriting exemplars solely pursuant to CPL 240.40 (2) (b) (vi). Defendants oppose the People’s motion in its entirety on various grounds which the court need not reach here.
CPL article 240 must be strictly construed, said discovery article being in derogation of prior common-law principles (Matter of Mulvaney v Dubin, 80 AD2d 566 [2d Dept 1981], revd on other grounds 55 NY2d 668 [1981]; People v Johnson, 115 Misc 2d 366, 367 [Westchester County Ct 1982]), and any ordered discovery made pursuant thereto must necessarily be limited to its statutorily set parameters (People v Beauchamp, 126 Misc 2d 754, 755 [Sup Ct, Bronx County 1985]).
CPL 240.40 (2) (b) (vi) provides for nontestimonial disclosure of a defendant’s handwriting specimens "[u]pon motion of the prosecutor, and subject to constitutional limitation, [in] the court in which an indictment, superior court information, prosecutor’s information, information, or simplified information charging a misdemeanor is pending”. (Emphasis added.)
Presently, the People have merely filed felony complaints against the instant defendants. A felony complaint, however, is not one of the specifically enumerated accusatory instruments upon which pretrial disclosure in the form of handwriting exemplars may be ordered under CPL 240.40 (2) (People v Odierno, 121 Misc 2d 323, 327 [Sup Ct, Bronx County 1983]; People v Steiner, 103 Misc 2d 844, 845 [Nassau County Ct 1980]). Pending felony complaints are presumably omitted from CPL 240.40 since, by reason of their generally hearsay nature, they "cannot serve as the basis for the prosecution of any crime” (People v Odierno, supra, at 327; see, CPL 1.20 [8]). In any event, if the Legislature had intended to include felony complaints as one of the accusatory instruments upon which CPL 240.40 disclosure could be obtained, it would have expressly done so within that statute (see, Bellacosa, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 240.40, 1988 Pocket Part, at 133). The court, therefore, lacks jurisdiction to consider the instant application until there is a pending indictment or superior court information in a felony action, or a pending prosecutor’s information, information or simplified information in a misdemeanor case (CPL 240.40 [2]; see, People v Lane, NYLJ, Nov. 10, 1983, at 14, cols 4, 6 [Sup Ct, Bronx County, Enten, J.]).
*403 A similar application under CPL 240.40 for ordered discovery of an incarcerated suspect’s palm prints was denied in People v Lane (supra) when the felony therein was in the preaccusatory stage. Here, although the People have pending felony complaints, which by definition serve to commence a criminal action (CPL 1.20 [8], [17]), they still have not lodged one of the enumerated instruments upon which the defendants can be prosecuted (CPL 1.20 [8]; 240.40 [2]) and discovery can thereby be ordered pursuant to CPL 240.40 (2) (b) (vi).
Consequently, the People’s application must be denied without prejudice as being premature.*

 This decision does not affect the issuance of similar orders based on authority other than CPL 240.40 or vary other rights relative to the preaccusatory instrument stage which may be available to either of the parties to this action (CPL 240.40 [2]).