■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD A. LATTANZIO, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Ulster County (Vogt, J.),

rendered February 26, 1988, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts), robbery in the first degree (two counts) and burglary in the first degree (two counts).

Defendant was convicted after a jury trial of two counts each of murder in the second degree, robbery in the first degree and burglary in the first degree, arising out of the brutal death of Philip Slutsky on or about April 12, 1987. Slutsky was beaten after he surprised defendant and others in the act of burglarizing his home in the Village of Ellenville, Ulster County. On this appeal, defendant contends that County Court erred in failing to suppress statements made by defendant to the police after he allegedly invoked his right to counsel.

The record demonstrates that in the course of the investigation, and on April 15, 1987, Detectives Michael Andrews and Edwin Brewster of the Ulster County Sheriff's Department received information indicating that defendant was a prime suspect in the Slutsky homicide. That evening, they proceeded to defendant's residence in the Village of Monticello, Sullivan County, where they informed him they were investigating an incident in Ellenville that weekend and requested that he accompany them back to the City of Kingston, Ulster County. Defendant stated he had been in New York City over the weekend, but voiced no objection to returning with the officers to the Sheriff's Department. During the return trip and the ensuing conversation, defendant made conflicting accounts regarding his whereabouts, which prompted the officers to advise defendant that they were investigating an assault. Defendant immediately responded that "he had never hit an old man". At that point, defendant was given his *Miranda* warnings and indicated that he understood his rights, but was willing to talk with the officers. As they passed by the area of the scene of the crime, defendant was observed looking up and down the street in a manner which further aroused the officers' suspicions and resulted in more questions as to his whereabouts over the weekend. However, defendant then stated that he believed he wanted a lawyer and needed time to think about it. No further questions were asked during the trip.

At the Sheriff's office, defendant was given the opportunity to call a lawyer, but instead he called his mother. There is no indication that he asked his mother to obtain counsel for him, nor were any other arrangements or efforts made to obtain counsel nor, in fact, did any counsel appear. The officers then

obtained a search warrant for defendant's room, returned with him to his residence and conducted a search which produced a few pieces of clothing but no fruits of criminal activity. Following an uneventful trip to Ellenville, to examine the location where defendant alleged that he disposed of a jacket he was wearing the weekend of the homicide, defendant was returned to his residence. The officers had no further contact with defendant until August 11, 1987, some four months later.

In the middle of June 1987, investigators learned that defendant had revealed to a friend, Elgin Young, the details of his participation in the burglary of Slutsky's home and the subsequent murder, which included breaking into the Slutsky home and assaulting the victim. Young agreed to assist the police as an informant by wearing a transmitting device and to permit the recording of any incriminating statements made by defendant relating to the Slutsky murder.

Fortuitously, defendant had been arrested and jailed for a violation of probation resulting from his conviction on an unrelated charge which had originated in Rockland County but was, by design, transferred to Sullivan County. He was scheduled to appear in the local criminal court in the Village of Bloomingburg, Sullivan County, for plea and sentencing the morning of August 11, 1987, at which time he was represented by counsel on that charge. He was sentenced to the time already served and released, to be taken back to the Sullivan County jail in Monticello to obtain his belongings, in company with Young, who was in court at the same time to answer a bogus appearance ticket as a result of a prior arrangement with the investigating officers. Thereafter Young engaged defendant in conversation about the Slutsky murder, and incriminating statements and descriptions as related by defendant were monitored and recorded by police officers in a nearby van. Defendant was thereupon arrested and advised of his *Miranda* rights, whereupon he gave oral and written accounts and admissions of his part in the crimes. After indictment, suppression of all statements was denied except those made on April 15, 1987, immediately following defendant's statement about an attorney. At the subsequent trial, he was convicted of all counts in the indictment and this appeal ensued.

Initially, we reject defendant's argument that his right to counsel indelibly attached after his statement with reference to a lawyer was made on April 15, 1987. That statement, as related to County Court by the investigating officer during the

suppression hearing, was "that he thought, he believed that he wanted a lawyer, that he needed time to think about it". This alleged invocation of defendant's rights does not amount to an unequivocal assertion of his intention to retain counsel *(see, People v Fridman,* 71 NY2d 845, 846; *People v Hicks,* 69 NY2d 969, 970). Under these circumstances, his right to counsel did not attach and therefore statements obtained thereafter were admissible *(see, supra; see also, People v Rowell,* 59 NY2d 727, 730).

Nor are we any more convinced by defendant's assertion that because he was represented by counsel at a violation of probation proceeding the police thereafter were precluded from questioning him about the Slutsky murder. Clearly, "[w]here an individual is actually represented on a pending charge brought to the attention of the police, custodial interrogation on any crime, even if unrelated, is prohibited" *(People v Colwell,* 65 NY2d 883, 885; *see, People v Rogers,* 48 NY2d 167, 169). However, such is not the case here, as defendant's probation violation proceeding was no longer pending when the subsequent statements sought to be suppressed were made *(see, People v Robles,* 72 NY2d 689; *People v Colwell, supra).*

Equally without merit is defendant's contention that the tape recording of his conversation with Young was insufficiently audible for submission to the jury. The tape, substantially transcribed by a third party, is sufficiently audible to leave its admissibility to the sound discretion of the Trial Judge *(see, People v Maderic,* 142 AD2d 892, 894; *People v Seiler,* 139 AD2d 832, 835, *lv denied* 72 NY2d 924).

Additionally, we reject defendant's contention that County Court erred in refusing to charge the jury with the lesser included offense of second degree criminal trespass. Viewing the evidence in the light most favorable to defendant, including testimony that defendant insisted he was a "lookout" and not an active participant in the crimes, we find "no identifiable basis" in the record under which the jury could have found that defendant committed the lesser offense of trespass but not the greater offense of burglary *(People v Scarborough,* 49 NY2d 364, 371).

Finally, we are unpersuaded by defendant's remaining contentions and find them without merit.

Judgment affirmed. Kane, J. P., Weiss, Yesawich, Jr., Mercure and Harvey, JJ., concur.