OPINION OF THE COURT
Antonio I. Brandveen, J.
The defendant herein has been indicted for rape in the first degree (Penal Law § 130.35) and related charges. Some time ago, the defense moved pursuant to CPL 240.90 for an order directing the People to produce a recent photograph of the 14- *328 year-old complainant. The People opposed that request as outside the pretrial discovery procedures in the Criminal Procedure Law. However, on November 9, 1989, this court directed the District Attorney to produce the photograph. The People now move for reargument of that determination. Reargument (CPLR 2221) is granted. The following shall constitute the court’s decision and order:
The request for the complainant’s photograph is to impeach her credibility. It has long been the defense contention the complainant had a relationship with the defendant. Moreover, the court-appointed defense investigator has allegedly found the defendant was having an affair with this young woman prior to his arrest. The defense position is that the photograph, when shown to its witnesses, will serve to either confirm or refute this information. The People maintain the complainant and the defendant were strangers.
The criminal discovery procedure embodied in CPL article 240 evinces a legislative determination that the trial of a criminal charge should not be a sporting event where each side remains ignorant of facts in the hands of the adversary until events unfold at trial. Broader pretrial discovery enables the defendant to make a more informed plea decision, minimizes the tactical and often unfair advantage to one side, and increases to some degree the opportunity for an accurate determination of guilt or innocence. In short, pretrial discovery by the defense and prosecution contributes substantially to the fair and effective administration of justice (see, People v Copicotto, 50 NY2d 222). In People v Pena (127 Misc 2d 1057), the defense moved for discovery concerning the Rape Crisis Center records where the complainant had received counseling. The prosecution opposed the discovery on confidentiality grounds, as well as a defense failure to demonstrate such information was relevant and material on the issue of culpability. The court in Pena used a "balancing of interests” test which measured the defendant’s constitutional rights with the complainant’s need for confidentiality (supra, at 1059). The court there required the defense put forth a "factual predicate” which would make it reasonably likely the information was not merely a desperate grasping at straws or a fishing expedition, but would bear on the issue of guilt or innocence, unreliability of witnesses or exculpatory material. (People v Pena, supra, at 1060.)
We believe a similar balancing analysis is appropriate in the instant matter. The People argue to compel the production *329 of the complainant’s photograph would in effect be subjecting her to "a second victimization.” While the court is indeed sympathetic to the physical and emotional trauma alleged to have been suffered by this young woman, we find these concerns to be significantly outweighed by the defendant’s 6th Amendment right of confrontation as well as his right pursuant to Brady v Maryland (373 US 83) to receive evidence which is material to guilt or innocence. Moreover, the information requested bears directly upon the credibility of a key prosecution witness, and is not otherwise available to the defense. The defendant clearly has a constitutional right to gain disclosure of any and all information vital to the preparation of his defense.
The People argue the requested photograph is not in its possession and therefore not discoverable, citing People v Tossois (72 NY2d 75) as authority. We find that case readily distinguishable from the instant matter. In Tossois, the defense in a rape case claimed entitlement to statements made by a prosecution witness to a social worker during the course of the worker’s employment. The court found that the social worker’s notes were privileged communications protected from disclosure and further stated that such notes were not in the possession or control of the People. Surely, the People in the present situation are in a much better position to obtain a recent photograph of the person, who is to be their principal witness.
Accordingly, it is the decision of this court the People produce and tender a recent photograph of the complainant to the defense with the following restrictions:
(1) the defense reveal the names and addresses of all defense witnesses to whom the photo will be shown;
(2) no duplicates be made;
(3) the photo remain in the hands of either the defense attorney or the defense investigator at all times; and
(4) the photograph be returned to the People once the defense has completed its investigation.