OPINION OF THE COURT
Raja Rajeswari, J.
The defendant, Lenin Rios-Liberato, is charged with forcible touching (Penal Law § 130.52) and sexual abuse in the third degree (Penal Law § 130.55). Specifically, the defendant is alleged to have placed his finger inside the complainant’s vagina forcibly and repeatedly without her consent.
On July 10, 2015, the defendant served a general demand to produce discovery materials pursuant to Criminal Procedure Law § 240.20. In the voluntary disclosure form (VDF) which the People attached to their response, the People acknowledged that there are photographs related to the case made either at the request of a public servant or by a person whom the People intended to call as a witness at trial. The People offered in the VDF to permit defense counsel to view these photographs without redactions. At some point, the People informed defense counsel that the photographs were taken by the complainant’s companion at the time and place of the alleged offenses, which allegedly occurred while complainant underwent the application of a tattoo to her pubic area by the defendant, a commercial tattoo artist. At some point, the date of which is unclear from the motion papers of the parties, the People provided defense counsel with photographs, some of which had been redacted to block view of the complainant’s vagina. On August 18, 2015, the defendant served and filed a motion for an order compelling the People to turn over the un-redacted photographs. The People have served and filed a motion for a protective order pursuant to CPL 240.50 to restrict discovery to redacted copies of the photographs.
The People’s motion for a protective order is hereby denied and they are hereby ordered to provide the defendant with the un-redacted photographs as demanded. However, the defendant is hereby ordered to restrict access to those photographs to those persons directly involved in the preparation of a defense to these charges.
*739 Generally, CPL 240.20 (1) (d) requires that upon demand of a defendant in a pending action the People must provide him or her with a copy of any photograph made by a person whom the People intend to call as a witness at trial. The People have acknowledged that they intend to call as a witness the person who made the photographs at issue here. CPL 240.50 (1) provides, however, that the court may issue a protective order “denying, limiting, conditioning, delaying or regulating discovery” afforded pursuant to article 240 when there is a “substantial risk of physical harm, intimidation, economic reprisal, bribery or unjustified annoyance or embarrassment to any person” (see People v Goldman, 175 AD2d 723, 724 [1st Dept 1991]).
The People contend that if the defendant were permitted to obtain copies of the un-redacted photographs in question this would cause the complainant unjustifiable annoyance or embarrassment. The defendant contends that he needs the unredacted photographs to prepare his defense. He intends to argue to the trier of fact that any touching of the complainant’s vagina was inadvertent or unavoidable because the area of skin where the complainant had requested the tattoo be placed was very close to the opening of her vagina and that he needed to flatten the skin area to apply the tattoo accurately. The People contend that the redacted photographs would permit the defendant to achieve his trial preparation aims without subjecting the complainant to the embarrassment of knowing that persons whom she never intended to see her intimate parts would view photographs of them.
The court has examined in camera both the un-redacted and redacted sets of photography submitted by the People for review. The court notes that none of the un-redacted photographs depicts any more than the top part of the vaginal opening. The court also notes that several of the photographs depict a male individual, presumably the defendant, leaning over a female individual’s unclothed crotch area. His right hand rests upon her left thigh applying what appears to be a tattooing device to her pubic area while his left hand rests on her right thigh with two fingers holding the skin taut on either side of the tattoo.
A person commits the crime of forcing touching as provided in Penal Law § 130.52 (1) when he or she “intentionally, and for no legitimate purpose [,] . . . forcibly touches the sexual or other intimate parts of another person for the purpose of *740 degrading or abusing such person, or for the purpose of gratifying the actor’s sexual desire.”
A person commits the crime of sexual abuse in the third degree as provided in Penal Law § 130.55 when he or she “subjects another person to sexual contact without the latter’s consent.” Penal Law § 130.00 (3) defines “sexual contact” as “any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party.”
It is not unreasonable for the defendant to seek the unredacted photographs because they clearly depict how close to the complainant’s vagina was to the area where he was applying the tattoo and how close his fingers were to her vagina. For the defendant to be found guilty of either crime, the evidence needs to show that he not only made contact with a sexual or intimate part of the complainant but that he did so without legitimate purpose and to degrade or abuse (forcible touching) or to gratify his or her sexual desire (sexual abuse in the third degree). Under the circumstances, the photographs are an objective depiction of what happened, at least when the photographs were taken. The accusatory instrument alleges that the defendant inserted his finger into the complainant’s vagina. None of the photographs show the defendant’s finger inside the vagina. The un-redacted photographs more so than the redacted ones show the defendant working closely to that organ. Of course, release of the un-redacted photographs to the defense would allow the defendant himself to examine them so that he could assist in preparing his defense. Such viewing by the defendant would not likely in itself embarrass the complainant because she had exposed herself voluntarily to him ab initio.
Accordingly, the People’s motion for a protective order barring release of the un-redacted photographs is hereby denied, and the People are instructed to furnish them to defense counsel. In reaching this decision, the court is reminded that “pretrial discovery by the defense and prosecution contributes substantially to the fair and effective administration of justice” (People v Thomas, 146 Misc 2d 327, 328 [Sup Ct, Bronx County 1990]). The court has considered that the complainant’s knowledge that the un-redacted photographs were released to the defense might be embarrassing or emotionally painful for her. However, this risk is “outweighed by the defendant’s 6th Amendment right of confrontation as well as his right pursuant to Brady v Maryland (373 US 83 [(1963)]) to receive *741 evidence which is material to guilt or innocence” (People v Thomas, 146 Misc 2d at 329).
The court is authorized by CPL 240.50 (2) to require that the defense maintain the photographs “in the exclusive possession” of the defense attorney “and be used for the exclusive purpose of preparing for the defense” (see People v Leon, 134 Misc 2d 757, 761 [Westchester County Ct 1987]; People v Johnson, 115 Misc 2d 366, 371 [Westchester County Ct 1982]).
In Leon, the court denied the People’s motion for a protective order regarding police reports, statements of civilians and other documents reviewed by a psychiatrist whom the People intended to call as a witness to rebut the defendant’s psychiatric evidence. However, the Leon court restricted access to the defense counsel alone because of the People’s expressed concern that if the defendant himself gained access he might seek to intimidate or cause harm to the civilians. In Johnson, the court approved the same sort of limited access to documents that it otherwise ordered discoverable. In People v Martinez (84 AD3d 550, 555 [1st Dept 2011]), the appellate court held that the trial court was authorized by the statute to allow the People to withhold until just before opening statements the existence of a new witness who had made a photographic identification of the defendant. The Martinez court concluded that the delay was justified because the witness feared the defendant and his family and time was needed to relocate the witness. There is no such fear expressed here. However, the intimate depictions in these photographs justify that access to them be severely restricted.
The court orders this discovery only on those terms.